**Samuel Eric AUSTIN, Plaintiff–Appellant,**

v.

**Cal A. TERHUNE, Director, Defendant,**

**and**

**James Williams, Correctional Officer, Defendant–Appellee.**

**No. 02–16546.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 2003.*

Filed May 17, 2004.

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Samuel Eric Austin, Pro se, Chino, CA, the plaintiff-appellant.

Lotte Colbert, Matheny, Sears, Linkert & Long, LLP, Sacramento, CA, for the defendant-appellee.

Before CANBY, W. FLETCHER, and TALLMAN, Circuit Judges.

CANBY, Circuit Judge.

Samuel Eric Austin, a California state prisoner, appeals *pro se* the district court's summary judgment dismissing his claims under 42 U.S.C. § 1983 and state law. His claims arise from an incident in which a correctional officer allegedly exposed his genitalia to Austin and then filed a false disciplinary report against Austin when Austin complained to prison officials. We reverse and remand for further proceedings with respect to Austin's retaliation claim. We affirm the judgment of the district court in all other respects.

## I. FACTUAL BACKGROUND

At the time of the events in issue, Austin was incarcerated in the California State Prison at Solano. He was housed in the prison's psychiatric medical housing unit when James Williams, a correctional officer with the California Department of Corrections, came on duty and announced from the control booth that all inmates were to return to their cells and that the cell doors would be locked. Austin requested that Williams allow the inmates to keep their cell doors open because of the heat. According to Austin, Williams responded by calling Austin a "punk bitch" and a "mother fucker," and telling Austin that he was going to "come down out of this control booth and kick [Austin's] ass." While still in the control booth, which had a large glass window, Williams allegedly unzipped his pants, exposed his penis to Austin, who is black, and said "come suck this white dick, boy," while shaking his exposed penis at Austin. Austin asserts that Williams exposed himself for 30 to 40 seconds.[1]

Austin attempted to report the incident, but the other officers on duty ignored his complaints. Later that day, Williams apologized to Austin for his conduct and

---

1. Williams vehemently denies exposing himself to Austin or making the offensive statements attributed to him. For the purposes of reviewing a grant of summary judgment, however, we must assume the non-moving party's version of the facts to be correct. *Schwenk v. Hartford,* 204 F.3d 1187, 1195 (9th Cir.2000).

tried to persuade Austin not to report the incident. When Austin insisted that he would report it, Williams said he would cite Austin for misconduct. A supervisor, Lieutenant Roll, learned of the incident and questioned Williams about it. Williams allegedly lied about what had happened and accused Austin of misconduct. Austin was placed in administrative segregation for six weeks.

Austin appealed his placement in administrative segregation; the appeal was denied. He continued to file grievances against Williams. Prison officials eventually investigated and concluded that Williams had exposed himself as Austin claimed. Williams was suspended without pay for thirty days.

Austin then filed this civil action alleging various constitutional violations under 42 U.S.C. § 1983 and several state law claims. The district court granted Williams' motion for summary judgment, and Austin appeals.

## II. DISCUSSION

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *Morrison v. Hall,* 261 F.3d 896, 900 (9th Cir.2001). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relative substantive law. *Id.*

### A. Retaliation

Austin's second amended complaint alleges that Williams retaliated against him for reporting, or attempting to report, Williams' inappropriate behavior. The district court construed this claim to be a Fourteenth Amendment claim for deprivation of liberty without due process. The district court granted summary judgment on the retaliation claim on the authority of

*Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). *Sandin* held that subjecting a prisoner to punitive administrative segregation did not implicate the due process clause because such segregation was "within the expected perimeters of the sentence imposed." *Id.* at 485, 115 S.Ct. 2293. In ruling against Austin, the district court observed that the Supreme Court in *Sandin* "has virtually eliminated due process protection for inmates facing administrative segregation."

We have previously held, however, that a claim of retaliation for filing a prison grievance survives *Sandin* because it raises constitutional questions beyond the due process deprivation of liberty that was rejected in *Sandin.* In *Pratt v. Rowland,* 65 F.3d 802, 807 (9th Cir.1995), we ruled that claims of retaliation for the exercise of a prisoner's First Amendment rights survived *Sandin,* although in that case, we found insufficient evidence to establish retaliation. We relied on the Supreme Court's concluding footnote in *Sandin* stating that, although prisoners lacked a due process liberty interest against administrative segregation, they "retain other protection from arbitrary state action.... They may invoke the First and Eighth Amendments and the Equal Protection Clause." *Id.* (quoting *Sandin,* 515 U.S. at 487–88 n. 11, 115 S.Ct. 2293).

■ We revisited the issue in *Hines v. Gomez,* 108 F.3d 265, 269 (9th Cir.1997), where we upheld a jury verdict in favor of a prisoner who had been wrongly charged and placed in administrative confinement for ten days in retaliation for filing prison grievances. We stated:

> Since *Sandin,* this court has reaffirmed that prisoners may still base retaliation claims on harms that would not raise due process concerns. * * *
>
> Hines has alleged Pearson's false charge infringed his First Amendment right to

file prison grievances. The allegation here falls squarely within *Sandin's* eleventh footnote and *Pratt's* reasoning; the injury asserted is the retaliatory accusation's chilling effect on Hines' First Amendment rights, not the additional confinement or the deprivation of television. We hold that Hines' failure to demonstrate a more substantial injury does not nullify his retaliation claim.

*Id.* at 269.

We conclude that Austin's retaliation claim stands on the same footing. It is understandable that the district court did not focus on the First Amendment aspects of the retaliation claim because the pleading of the claim was woefully inartful.[2] The complaint did not expressly refer to the First Amendment, but it did allege facts that Austin was punished for filing a grievance. Under Federal Rule of Civil Procedure 8, that was enough. "Pleadings need suffice only to put the opposing party on notice of the claim. . . . Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." *Fontana v. Haskin,* 262 F.3d 871, 877 (9th Cir.2001); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (holding a complaint sufficient under "liberal notice pleading of Rule 8(a)" because it gave fair notice of the plaintiff's claims). We conclude that the complaint at least minimally informed the parties and the court of Austin's retaliation claim. As the district court stated in its opinion, a jury could find that the administrative seg-

regation "was the natural and proximate result of [Williams'] filing a false report accusing an inmate of violating prison rules . . . [and] could also infer that Williams intended that result, and acted only after Plain tiff said he planned to report the incident to prison officials." We conclude that a claim of retaliation for the filing of a First Amendment-protected grievance was sufficiently, though certainly not expertly, raised in the district court.[3] Under our decisions in *Pratt* and *Hines,* that claim is not foreclosed by *Sandin. See Pratt,* 65 F.3d at 807; *Hines,* 108 F.3d at 269; *see also Bruce v. Ylst,* 351 F.3d 1283, 1288 (9th Cir.2003). We accordingly reverse the dismissal of that claim and remand for further proceedings.

### B. Other Claims

#### 1. *Cruel and unusual punishment.*

Austin alleged various Eighth Amendment violations that were properly dismissed on summary judgment. Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, *see Schwenk v. Hartford,* 204 F.3d 1187, 1197 (9th Cir.2000), the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment. *See e.g., Blueford v. Prunty,* 108 F.3d 251, 254–55 (9th Cir.1997) (holding that prison guard who engaged in "vulgar same-sex trash talk" with inmates was entitled to qualified immunity); *Somers v. Thurman,* 109 F.3d 614, 624 (9th Cir.1997). Williams was in an elevated, glass-enclosed control booth

---

2. Although Austin is appearing *pro se* on appeal, he was represented by an attorney in district court at the time his second amended complaint was filed. After disagreements between Austin and his attorney over the conduct of the case, the attorney withdrew and Austin thereafter represented himself. He was denied leave to file a third amended complaint.

3. Austin's allegations of retaliation for the filing of grievances are sufficient to satisfy the requirement that Austin plead an absence of a legitimate penological purpose for the retaliatory action. *See Bruce v. Ylst,* 351 F.3d 1283, 1289 (9th Cir.2003).

when he exposed himself to Austin and this isolated incident lasted for a period of no more than 30–40 seconds. Williams never physically touched Austin. In the light of these facts, the district court properly concluded that this incident was not sufficiently serious to constitute an Eighth Amendment violation.

### 2. *Deliberate indifference to medical needs.*

■ We also affirm the dismissal of Austin's Eighth Amendment deliberate indifference claim. To demonstrate that a prison official was deliberately indifferent to an inmate's serious mental health needs, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate health." *Farmer v. Brennan*, 511 U.S. 825, 838, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). There is no medical evidence in the record to support the contention that Williams' conduct exacerbated Austin's mental health condition. Neither is there any evidence that Williams acted intentionally to deny, delay, or interfere with Austin's mental health treatment. The district court therefore did not err in dismissing the deliberate indifference claim.

### 3. *Assault.*

■ We also affirm the district court's dismissal of Austin's various state law claims. To make out a claim for assault under California law, Austin had to "establish (1) that defendant intended to cause harmful or offensive contact, or the imminent apprehension of such contact, and (2) that plaintiff was put in imminent apprehension of such contact." *Brooks v. United States*, 29 F.Supp.2d 613, 617 (N.D.Cal.1998) (citing RESTATEMENT (SECOND) OF TORTS § 21(1965)). The undisputed evidence indicates that Austin was not fearful of Williams, and at the time of the alleged indecent exposure, Williams was separated from Austin by the walls and window of the control booth. The district court properly granted summary judgment on the assault claim because Williams' behavior never placed Austin in apprehension of imminent offensive contact.

### 4. *Intentional infliction of emotional distress.*

■ In order to establish a claim for intentional infliction of emotional distress under California law, Austin was required to show (1) that the defendant's conduct was outrageous, (2) that the defendant intended to cause or recklessly disregarded the probability of causing emotional distress, and (3) that the plaintiff's severe emotional suffering was (4) actually and proximately caused by defendant's conduct. *Id.* Austin clearly presented a triable issue of outrageous conduct on the part of Williams, but he failed to provide any evidence of severe emotional distress or damage. The district court therefore properly dismissed his claim for intentional infliction of emotional distress.

### 5. *Negligent infliction of emotional distress.*

■ A cause of action for negligent infliction of emotional distress requires that a plaintiff show "(1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a defendant who should have foreseen that the conduct would cause such distress." *Id.* at 618. Because Austin has not satisfied the first required element, his claim for negligent infliction of emotional distress also fails.

### III. CONCLUSION

Austin presented a claim that he was retaliated against for exercising his First Amendment rights. The district court incorrectly concluded that this claim was barred by *Sandin*, 515 U.S. at 487, 115 S.Ct. 2293. We accordingly reverse the

dismissal of Austin's retaliation claim and remand for further proceedings. We affirm the judgment of the district court in all other respects.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**