United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 10, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-10634
_____

JOSLYN HOWARD-BARROWS

                         Plaintiff - Appellant

v.

CITY OF HALTOM CITY, ET AL

                         Defendants

CITY OF HALTOM CITY

                         Defendant - Appellee

_____

Appeal from the United States District Court
for the Northern District of Texas
No. 4:02-CV-0900-A
_____

Before KING, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

     Joslyn Howard-Barrows appeals the district court's Rule

12(b)(6) dismissal of her 42 U.S.C. § 1983 claims against the

City of Haltom City for wrongful incarceration, sexual

harassment, invasion of privacy, and unconstitutional conditions

_____

     [*]     Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

of confinement.  In addition, Howard-Barrows appeals the district court's denial of her motion for leave to file a second amended complaint.[1]

A plaintiff asserting a claim under § 1983 must "(1) allege a violation of rights secured by the Constitution of the United States or laws of the United States; and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."  Priester v. Lowndes County, 354 F.3d 414, 420 (5th Cir. 2004).  In Monell v. Department of Social Services, 436 U.S. 658, 694 (1978), the Supreme Court held that a municipality could be held liable for an injury under § 1983 if the injury was caused by a custom or policy of the municipality.

Howard-Barrows alleges that she was confined in the Haltom City jail for six days without being taken before a magistrate. Howard-Barrows's assertions, however, are not sufficient to impose § 1983 liability on the City because she does not allege that the City had a policy or custom of preventing detainees from appearing before a magistrate in a timely manner.  Cf. Monell, 436 U.S. at 690-91.

Howard-Barrows also alleges that her Fifth and Sixth Amendment rights were violated because she was not informed of her right to counsel or provided with counsel before being

_____

[1]    For purposes of oral argument, this case was consolidated with twelve similar cases and heard under the name Drake v. City of Haltom City, No. 03-10594.

2

detained.  Because Howard-Barrows does not allege that she was interrogated, however, the Fifth Amendment is inapplicable.  <u>See</u> <u>Berkemer v. McCarty</u>, 468 U.S. 420, 428-29 (1984).  In addition, because adversary judicial proceedings had not commenced while Howard-Barrows was detained, her Sixth Amendment right to counsel is not implicated.  <u>See, e.g.</u>, <u>United States v. Gouveia</u>, 467 U.S. 180, 188 (1984); <u>Styron v. Johnson</u>, 262 F.3d 438, 447 (5th Cir. 2001).  Consequently, the City is not liable under § 1983 for failing to inform Howard-Barrows of her right to counsel or for failing to appoint counsel for her.  <u>See</u> <u>Priester v. Lowndes County</u>, 354 F.3d 414, 420 (5th Cir. 2004).

Howard-Barrows further alleges that her Fourteenth Amendment rights were violated because she was not provided with an indigency hearing to determine whether she had the means to pay her misdemeanor fines.  The Supreme Court has held that a defendant may not be sentenced to jail simply because he or she cannot afford to pay a fine.  <u>Tate v. Short</u>, 401 U.S. 395, 397-98 (1971).  But, according to Howard-Barrows's own allegations, she was never brought to court and sentenced for her misdemeanor violations.  Therefore, her Fourteenth Amendment rights were not implicated by the lack of an indigency hearing, and the City is not liable under § 1983 for failing to provide such a hearing.

Howard-Barrows's remaining allegations require no extended discussion.  Sexual harassment alone does not violate a detainee's constitutional rights; thus, Howard-Barrows has no

3

claim against the City under § 1983 for any sexual harassment she suffered while in jail.  See Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983."); cf. Austin v. Terhune, 367 F.3d 1167, 1171-72 (9th Cir. 2004).  Next, even if Howard-Barrows has alleged a constitutional violation arising out of the video system's misuse, she has presented no basis for holding the City liable because she has not alleged that the misuse arose out of a City custom or policy.  Cf. Monell, 436 U.S. at 690-91. Even if the jail had a policy of staffing a lone male jailer, as Howard-Barrows alleges, we held in Scott v. Moore, 114 F.3d 51, 52 (5th Cir. 1997) (en banc), that the Constitution does not require jails that house female detainees either to staff more than one jailer at a time or to staff a female jailer.  Finally, the City is not liable under § 1983 for the jail's policies regarding clothing, diet, and exercise because Howard-Barrows's averments do not demonstrate that her Fourteenth Amendment rights were violated by the conditions of the jail during the six days she was there.  Cf. Hamilton v. Lyons, 74 F.3d 99, 106-07 & n.8 (5th Cir. 1996) (finding no Fourteenth or Eighth Amendment violation when a detained parolee "was denied visitation, telephone access, recreation, mail, legal materials, sheets, and showers for a three-day period").  Consequently, the district court did not err by dismissing these claims.

We also conclude that, under the facts of this case, the

4

district court did not abuse its discretion by denying Howard-Barrows's motion for leave to file a second amended complaint. Howard-Barrows had already been permitted to file an amended complaint, but she failed to remedy her pleading deficiencies. Furthermore, she did not seek leave to file her second amended complaint in a timely manner. See Foman v. Davis, 371 U.S. 178, 182 (1962).

Accordingly, we AFFIRM the district court's dismissal of Howard-Barrows's complaint under Rule 12(b)(6) and the district court's denial of Howard-Barrows's motion for leave to file a second amended complaint.