Darryl Lee GOLDSTEIN, Plaintiff—Appellant,

v.

Ruth Ann FLAMENT, Nurse Practioner; Kannon, Jail Doctor; Scott Morrow, Doctor; County of San Mateo; Margaret Taylor, Dir. Public Health; Rebecca Anderson Potts, Mgr.; Alan Dunhan, LVN; Heffner, Lt., Facility Commander; Don Horsley, Sheriff; Shawn Dean Bow, Deputy # 117; Wells, Captain; Pough, Officer, Menlo Park Police Department; Raggio, Officer, Menlo Park Police Department; Rothus, Commander, Menlo Park Police Department; Menlo Park Paramedic; City of Menlo Park; Darral G. Adams, Warden, California Substance Abuse Treatment Facility; Edgar Cal Substance Abuse Treatment Facility, Chief Med. Officer; Dunn, Dr., California Substance Abuse Treatment Facility; Perkins, Dr., California Substance Abuse Treatment Facility; Susan Steinberg; Curtis, Dr., California Substance Abuse Treatment Facility; Head, Deputy, Classification officer; Menlo Park Police Department, Defendants—Appellees.

No. 03–17028.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Jan. 17, 2006.*

Decided Feb. 17, 2006.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Darryl Lee Goldstein, San Quentin, CA, pro se.

David A. Levy, Esq., Kathleen J. Moorhead, Esq., Melissa M. Holmes, Esq., Burlingame, CA, for Defendant–Appellee.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Darryl Lee Goldstein, a California state prisoner, appeals pro se the district court's denial of relief in his civil rights action alleging that county medical and correctional staff were deliberately indifferent to his medical needs and retaliated against him for his litigation activity. Although Goldstein raises a myriad of issues on appeal, we have carefully considered his briefs and submissions and conclude that he primarily argues that the district court erred by (1) dismissing his civil rights action; (2) refusing to appoint him an attorney; (3) screening his filings; and (4) denying his request for additional discovery. We reject these arguments and affirm.

## DISCUSSION

 Goldstein contends that prison officials were deliberately indifferent to his medical needs. Such a claim requires Goldstein to show that "the official knew of and disregarded an excessive risk to inmate health." *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir.2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 838, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). We agree with the district court that Goldstein failed to raise "a triable issue of fact." There is no indication in the record that Goldstein was deprived of any necessary medical treatment or that prison officials were deliberately indifferent to his medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir.2004) (noting inmate must satisfy both objective and subjective components). To the extent Goldstein contends he should have received different treatment, his claim fails as a matter of law. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996) (noting a "difference of medical opinion" is insufficient as a matter of law to show deliberate indifference). Finally, Goldstein's contention that prison officials negligently used the wrong medical records, even if true, is insufficient to constitute an Eighth Amendment violation. *See Toguchi*, 391 F.3d at 1057 (noting "mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights").

 Goldstein also contends that prison officials retaliated against him for filing grievances and lawsuits. Such a contention required Goldstein to demonstrate that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals." *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir.2003). We agree with the district court that Goldstein failed to meet these burdens. The record indicates that prison officials had a "legitimate basis" to place him on suicide watch and to force him to wear the requisite suicide garb. Goldstein's claim that officers filed a false disciplinary report is barred because he did not exhaust his administrative remedies.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*See Brown v. Valoff,* 422 F.3d 926, 942 (9th Cir.2005) (applying 42 U.S.C. § 1997e(a)). Finally, Goldstein claim that prison officials conspired to transfer him away from his "prison litigation team" fails because the officials offered an undisputed "legitimate disciplinary basis" for the transfer, namely, "disciplinary incidents" that Goldstein did not successfully challenge in administrative proceedings.

Goldstein asserts the district court should have appointed him an attorney pursuant to 28 U.S.C. § 1915(e)(1). We have noted, however, that "[c]ounsel should only be appointed in exceptional circumstances, based on such factors as the likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of their complexity." *Wood v. Housewright,* 900 F.2d 1332, 1335 (9th Cir.1990). Here, Goldstein produced a voluminous record but simply did not present meritorious claims. Accordingly, we agree with the district court that there are no exceptional circumstances to warrant appointment of counsel.

Goldstein contends the district court should not have screened his submissions before permitting them to be filed. Such screening is permitted, however, when the district court preserves the prisoner's "right to adequate, effective and meaningful access to the courts." *O'Loughlin v. Doe,* 920 F.2d 614, 617 (9th Cir.1990) (internal quotation and parenthetical omitted). Goldstein has not demonstrated that he was denied that right and, accordingly, we conclude that the district court's order was not an abuse of discretion. *De Long v. Hennessey,* 912 F.2d 1144, 1146 (9th Cir.1990) (noting standard of review).

Finally, we reject Goldstein's claim that the district court should have permitted him additional discovery. A party seeking additional discovery bears the burden of showing what further discovery would reveal and why it is essential. *See Nicholas v. Wallenstein,* 266 F.3d 1083, 1088 (9th Cir.2001). Goldstein failed to do this, arguing on appeal only that some of his medical and legal files had been lost and that it was "grossly unfair" to deny his requests for additional discovery.

## CONCLUSION

We affirm on the merits and reject Goldstein's contentions that the district court erred by refusing to appoint him counsel, screening his filings, and rejecting his requests for additional discovery. Whatever remaining issues Goldstein sought to raise are rejected as insufficiently briefed so as to permit meaningful appellate review. Finally, we deny Goldstein's motion on appeal seeking an order that the county jail permit him "two days a week law library access." We will not reach an issue raised for the first time on appeal when resolution depends on an incomplete factual record. *See Marx v. Loral Corp.,* 87 F.3d 1049, 1055 (9th Cir.1996).

**AFFIRMED.**