**Antuan L. WILLIAMS, Plaintiff–Appellant,**

v.

**Robert L. AYERS; Dwight W. Winslow, M.D.; Sakamoto, M.D., Defendants–Appellees.**

No. 04–15576.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Jan. 11, 2007.

Antuan L. Williams, Calipatria, CA, pro se.

Barbara N. Sutliffe, Esq., AGCA–Office of the California Attorney General, San Francisco, CA, Y. Christopher Nagakawa, DAG, AGCA–Office of the California Attorney General, Los Angeles, CA, for Defendants–Appellees.

Before: SKOPIL, FARRIS, and FERGUSON, Circuit Judges.

**MEMORANDUM ** **

Antuan Williams, a California state pris-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

oner, appeals pro se the district court's grant of summary judgment in his civil rights action alleging that prison officials were deliberately indifferent to his medical needs. We affirm.

## DISCUSSION

Prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's medical needs. *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir.2006). To demonstrate "deliberate indifference" the prisoner must show that "the official knew of and disregarded an excessive risk to inmate health." *Austin v. Terhune,* 367 F.3d 1167, 1172 (9th Cir.2004) (quoting *Farmer v. Brennan,* 511 U.S. 825, 838, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). This burden may be met by showing "a purposeful act or failure to respond to a prisoner's pain or possible medical need." *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir.2006).

Williams complains of the treatment he received by a prison doctor after reporting brief periods of vision loss. There is no dispute, however, that Williams was promptly examined and that the doctor exercised his medical judgment in concluding that Williams was not likely suffering from the ailment he claimed. To the extent Williams contends he should have received different treatment, his claim fails as a matter of law. *See Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996) (noting that a "difference of medical opinion" is insufficient as a matter of law to show deliberate indifference). Moreover, "mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Toguchi v. Chung,* 391 F.3d 1051, 1057 (9th Cir.2004) (internal quotation omitted). We agree with the district court

that compelling additional discovery, appointing an expert, or admitting statements that Williams had solicited from other doctors would not alter the conclusion that the prison doctor was not deliberately indifferent to Williams' medical needs.

Finally, Williams contends the prison's warden and chief medical officer should have acted to ensure that Williams was receiving adequate medical care. We agree with the district court that these officials are entitled to qualified immunity because Williams failed to establish that a constitutional violation occurred. *See Desyllas v. Bernstine,* 351 F.3d 934, 941 (9th Cir.2003) (noting officials are entitled to qualified immunity when the facts alleged do not establish a constitutional violation).

**AFFIRMED.**