**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHANE D. WILLIS,

               Plaintiff - Appellant,

   v.

CITY OF SALEM, OREGON; et al.,

               Defendants - Appellees.

No. 09-35820

D.C. No. 3:08-cv-01510-HA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, Presiding

Submitted November 16, 2010[**]

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Oregon state prisoner Shane D. Willis appeals pro se from the district court's

judgment dismissing his civil rights complaint pursuant to the screening provisions

of 28 U.S.C. § 1915(e)(2). We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo. *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005). We affirm in part, reverse in part, and remand.

The district court properly dismissed without prejudice Willis's alleged illegal search and seizure claim. *See Harvey v. Waldron*, 210 F.3d 1008, 1013 (9th Cir. 2000), *overruled on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007) ("a § 1983 action that would call into question the lawfulness of a plaintiff's conviction or confinement is not cognizable" under *Heck v. Humphrey*, 512 U.S. 477 (1994)). Because it is clear this claim cannot be cured by amendment, the district court properly dismissed it without leave to amend. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). We affirm as to this claim.

The district court, however, prematurely dismissed Willis's claims based on alleged physical assault by the officers who arrested him and the City's alleged failure to train or supervise its officers not to use excessive force. A pro se civil rights complaint "need not identify the statutory or constitutional source of the claim raised in order to survive a motion to dismiss." *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008); *Shaw v. State of Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 610 (9th Cir. 1986) (to survive dismissal "it is enough if the custom or policy can be inferred from the allegations of the complaint"). Although Willis's complaint does not expressly refer to the Fourth Amendment, it alleges

2                                                                                          09-35820

facts that the officers used excessive force in the course of an investigatory stop and arrest. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989). Under Federal Rule of Civil Procedure 8, those allegations are sufficient. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004); *see also Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt.").

We reverse the dismissal of these two claims, and remand for further proceedings. We express no opinion as to the merits of these claims.

Willis shall bear his own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**