**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 8, 2011[*]
Decided March 9, 2011

*Before*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-2518

| | |
|---|---|
| MITCHELL THOMAS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 08 CV 4456 |
| THERESA CLAY and DIANE MORRISON, | David H. Coar, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Mitchell Thomas, an Illinois inmate, challenges the district court's grant of summary judgment on his claim under 42 U.S.C. § 1983 that two jail nurses were deliberately indifferent to his medical needs. Because he cannot show that the nurses acted with the required mental state, we affirm.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Thomas was a pretrial detainee at the Cook County Department of Corrections in June 2007 when he was attacked by another detainee and suffered an injury to his right shoulder. He saw a nurse and initially declined treatment, but the next day he continued to experience pain in his shoulder so he requested and received Tylenol. The following day Thomas saw a doctor who ordered x-rays of his shoulder and prescribed pain medication. The x-rays revealed a six-millimeter shoulder separation.

Clay and Morrison were two of the nurses who treated Thomas from June 2007 until his transfer to a different division of the department of corrections in May 2008. During this period Clay and Morrison referred Thomas to several doctors, who prescribed pain medication and recommended physical therapy. Clay and Morrison provided Thomas with his prescription pain medication and occasionally gave him Tylenol. Between June 2007 and May 2008 doctors examined Thomas on at least nine occasions, but Thomas repeatedly filed grievances complaining that the medication was ineffective and that he needed surgery to relieve his shoulder pain. In August 2008 a doctor took new x-rays that revealed no change in Thomas' shoulder from the previous year. The doctor referred Thomas for elective surgery but he was transferred to the Illinois Department of Corrections before the surgery could take place. Thomas eventually underwent surgery in November 2009, but continues to experience pain in his shoulder.

Thomas filed a § 1983 complaint against various Cook County officials, but subsequently dismissed all parties from his suit except for Clay and Morrison. Thomas claimed that Clay and Morrison refused to provide him with non-prescription pain medication and never referred him to doctors for treatment of his shoulder.

The district court granted summary judgment, finding that Clay and Morrison could not have been deliberately indifferent to Thomas' medical needs because they lacked the requisite mental state. Although the court identified a fact issue as to whether Thomas' condition was objectively serious, the court concluded that the record did not support an inference that Clay and Morrison knew of and disregarded an excessive risk to Thomas' health. The court noted that Thomas provided no evidence that Clay and Morrison were aware that denying him over-the-counter pain medication or immediate doctor referrals posed a substantial risk of harm.

On appeal Thomas challenges the district court's conclusion that Clay and Morrison were not deliberately indifferent to his serious medical needs. He argues that Clay and Morrison observed his arm in a sling for five months and that even a lay person would easily recognize that he had a serious medical need requiring treatment. Thomas maintains that Clay and Morrison denied him over-the-counter pain medication and referrals to doctors who could address the pain or renew prescriptions that had expired, and argues

that these delays in treatment unnecessarily prolonged his pain. Specifically, he argues that there were 13 days in August and December of 2007 when Clay refused to give him medication or refer him to a doctor, and 9 days in February and March of 2008 when Morrison denied him treatment.

To show that Clay and Morrison were deliberately indifferent to his serious medical needs, Thomas must establish that they were aware of facts from which a substantial risk of serious harm could be inferred, that they actually drew that inference, and that they disregarded the risk by failing to adequately respond. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Negligent care, even gross negligence, is insufficient to establish a constitutional violation. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). Although a delay in treatment can support a deliberate-indifference claim, the delay must have exacerbated the injury or unnecessarily prolonged the inmate's pain. *McGowan*, 612 F.3d at 640; *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1235 (11th Cir. 2010); *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004).

The record does not support Thomas' contention that Clay and Morrison disregarded a serious risk to his health by denying or delaying his access to doctors or pain medication. Thomas was immediately treated by medical personnel after his injury and repeatedly seen by doctors when he complained of pain in subsequent months. Even if we assumed that Clay and Morrison delayed Thomas' treatment—a claim he has not substantiated—he failed to introduce medical evidence establishing that any delays in treatment exacerbated his injury. *McGowan*, 612 F.3d at 640; *Grievson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Mata v. Saiz*, 427 F.3d 745, 751, 755 (10th Cir. 2005); *Smith v. Carpenter*, 316 F.3d 178, 187 (2d Cir. 2003). X-rays more than a year later revealed no change in Thomas' condition, so the only possible basis for his claim is that Clay and Morrison unnecessarily prolonged or refused to treat his pain. But Thomas admits that he received his prescription pain medication consistently and the only evidence of his being denied non-prescription pain medication is Morrison's admission that she refused to provide Tylenol when he was receiving prescription pain medication because she was concerned about overdosing. Nor can Thomas point to any evidence showing that Clay and Morrison knew that his pain was so severe that denying him Tylenol—or refusing to refer him to doctors to have his prescriptions refilled—posed an excessive risk of harm. *Farmer*, 511 U.S. at 837; *Grievson*, 538 F.3d at 779.

Accordingly, the judgment of the district court is AFFIRMED.