NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES T. DAVIS, | No. 09-17433 |
| Plaintiff - Appellee, | D.C. No. 2:04-cv-00878-GEB-DAD |
| v. | |
| C/O KISSINGER; et al., | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

California Correctional Officials Kissinger, Peery, Qualls, Money, and

Ingwerson appeal from the district court's order denying summary judgment based

on qualified immunity in state prisoner Charles T. Davis's 2 U.S.C. § 1983 action

alleging, among other claims, denial of due process.  We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

the collateral order doctrine. *Robinson v. York*, 566 F.3d 817, 821 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 1047 (2010). We review de novo. *Id.* We affirm in part, reverse in part, and remand.

The district court properly denied qualified immunity to Kissinger, Peery, Qualls, and Money on Davis's equal protection claim. *See id.* (two-pronged qualified immunity analysis). First, Davis raised a genuine dispute of material fact as to whether these defendants used excessive force against him, or failed to protect him from the use of excessive force, based on their racial animus. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (standard for Eighth Amendment excessive force claim); *Serrano v. Francis*, 345 F.3d 1071, 1080-83 (9th Cir. 2003) (officer's alleged racially tinged statements coupled with a due process violation created triable dispute on prisoner's equal protection claim); *Robins v. Meachem*, 60 F.3d 1436, 1442 (9th Cir. 1995) (failure to intervene and protect can violate a prisoner's Eighth Amendment rights). Second, Davis's constitutional right not to be subjected to excessive force based on his race was clearly established before 2001, when the incidents at issue occurred. *See Hudson*, 503 U.S. at 6-7; *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (Equal Protection Clause protects prisoners from invidious discrimination based on race); *Robins*, 60 F.3d at 1442.

However, defendant Ingwerson was entitled to qualified immunity on

Davis's equal protection claim because Davis failed to raise a triable dispute as to whether Ingwerson used excessive force against him or failed to protect him from the use of excessive force. Under these circumstances, Ingwerson's alleged racially tinged comment, without more, did not violate Davis's constitutional rights. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) (verbal harassment alone does not generally violate the Eighth Amendment).

We therefore affirm the district court's denial of qualified immunity to defendants Kissinger, Peery, Qualls, and Money; reverse the denial of qualified immunity to defendant Ingwerson; and remand for further proceedings.

The parties' remaining contentions are unpersuasive.

Davis's request for judicial notice is denied, and his "Motion to Forward Answering Brief to the Panel" dated July 6, 2010 is granted.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

09-17433