**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6896**

SAMUEL R. JACKSON,

       Plaintiff - Appellee,

    v.

JENNIFER HOLLEY, Psychologist,

       Defendant – Appellant,

    and

DAVID MAY, Captain; LEE FUTRELLE, Psychologist Program
Manager; VERDEEN B. BENJAMIN, Disciplinary Hearing Officer;
LEWIS ROWE, Unit Manager; DENNIS DANIELS, Superintendent,

       Defendants.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge. (5:14-ct-03238-BO)

Submitted:  November 10, 2016      Decided:  November 18, 2016

Before SHEDD, DUNCAN, and HARRIS, Circuit Judges.

Vacated and remanded with instructions by unpublished per curiam
opinion.

Roy Cooper, Attorney General, Joseph Finarelli, Special Deputy
Attorney  General,  Raleigh,  North  Carolina,  for  Appellant.

Samuel R. Jackson, Appellee Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jennifer Holley, a staff psychologist at Maury Correctional Institution, seeks to appeal the district court's order denying her motion to dismiss North Carolina prisoner, Samuel R. Jackson's, 42 U.S.C. § 1983 (2012) complaint alleging Holley sexually harassed Jackson. The district court denied Holley's motion to dismiss because it found that Holley was not entitled to qualified immunity. Jackson has moved to dismiss Holley's appeal, asserting that the appeal is interlocutory. Jackson has also filed a self-styled "Motion to Invalidate[,]" summarily asking that this court invalidate Holley's appellate submissions. We deny the pending motions and vacate and remand to the district court.

First, we disagree with Jackson that we lack jurisdiction over this appeal. Admittedly, this court may exercise jurisdiction only over final decisions, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders. 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-47 (1949). A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). Because qualified immunity is an immunity from suit rather than a mere defense to liability, however, orders denying qualified immunity may be immediately

3

appealable collateral orders. Iko v. Shreve, 535 F.3d 225, 233-34 (4th Cir. 2008).

An order denying a defendant's claim of qualified immunity is immediately appealable under the collateral order doctrine only "to the extent that it turns on an issue of law[.]" Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). However, a district court's determination that a genuine issue of material fact exists to preclude summary judgment on qualified immunity grounds is not immediately appealable. Johnson v. Jones, 515 U.S. 304, 313-20 (1995); Culosi v. Bullock, 596 F.3d 195, 201 (4th Cir. 2010).

Viewing the complaint's allegations in the light most favorable to Jackson, and noting that a video allegedly exists to substantiate those allegations, the district court concluded that "qualified immunity is inappropriate given that the plaintiff's complaint states sufficient factual allegations that, if true, show a violation of clearly established constitutional rights." Thus, the district court found that Jackson's "Eighth Amendment claims are alleged and supported by the facts[.]" Moreover, Holley asserts on appeal that even assuming all facts as alleged by Jackson are taken as true, Jackson's allegations do not legally amount to an Eighth Amendment violation. Holley therefore presents only legal arguments on appeal. Because the district court's disposition,

4

and Holley's arguments on appeal, present this court with purely legal questions, we have jurisdiction over Holley's appeal and deny Jackson's motion to dismiss.

Having reviewed the parties' submissions, we disagree with the district court's determination that Holley was not entitled to qualified immunity. We review de novo a district court's decision on a motion to dismiss. See Coleman v. Md. Ct. of App., 626 F.3d 187, 190 (4th Cir. 2010). When ruling on such a motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id. at 93 (alteration and internal quotation marks omitted).

However, "plaintiffs may proceed into the litigation process only when their complaints are justified by both law and fact." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Thus, to survive a motion to dismiss, the complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

It is well-established that "the treatment a prisoner receives in prison and the conditions under which he is confined

5

are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks omitted). There can be little doubt that sexual abuse is repugnant to contemporary standards of decency, and that allegations of sexual abuse can amount to an Eighth Amendment violation. See Woodford v. Ngo, 548 U.S. 81, 118 (2006) (Stevens, J., dissenting) ("Accordingly, those inmates who are sexually assaulted by guards, or whose sexual assaults by other inmates are facilitated by guards, have suffered grave deprivations of their Eighth Amendment rights."); Farmer, 511 U.S. at 834 ("Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." (internal quotation marks omitted)).

The Supreme Court has held, however, that "not every malevolent touch by a prison guard gives rise to a federal cause of action." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (internal quotation marks omitted). Indeed, "[a]n inmate who complains of a push or a shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." Id. at 38 (internal quotation marks omitted). Moreover, "[a]lthough prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections do not necessarily extend to mere verbal

6

sexual harassment." Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (internal quotation marks omitted).

In this case, Jackson alleges only that Holley: (1) sent him one "sexually explicit and lurid" letter; (2) "posed up seductively before [Jackson] and whispered sexually explicit words to [him;]" and (3) "plant[ed] her groin area in [Jackson's] face while [he] was seated for [his] haircut in the barber's chair." We conclude that the conduct about which Jackson complains does not amount to an Eighth Amendment violation.* See Wilkins, 559 U.S. at 38-39. Thus, Holley was entitled to qualified immunity and her motion to dismiss should have been granted by the district court. See Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (reiterating that to determine whether qualified immunity protects a prison official, this court must ask "first whether a constitutional violation occurred and second whether the right violated was clearly established").

---

* Given the lack of circuit authority regarding whether sexual harassment by prison officials amounts to a constitutional violation, we also find that it was not unreasonable for Holley to have "failed to appreciate that h[er] conduct would violate [Jackson's] rights." Meyers v. Baltimore Cnty., 713 F.3d 723, 731 (4th Cir. 2013) (internal quotation marks omitted). Thus, even if the conduct about which Jackson complains is sufficient to state an Eighth Amendment violation, Holley is entitled to qualified immunity under the second prong of the qualified immunity inquiry.

7

Based on the foregoing, we deny Jackson's motions to invalidate and to dismiss this appeal, and we vacate the district court's order denying Holley's motion to dismiss and remand with instructions to enter judgment in Holley's favor on Jackson's § 1983 claim.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED WITH INSTRUCTIONS</u>