**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL JAMES EVANS,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>JAMES DEACON, T.R.C.I.; GREG JONES, Housing Officer; GENELLE MACKEY; GUY HALL; DOUG ABBOTT; JOSE OLVERA,<br><br>Defendants-Appellees. | No. 16-35187<br><br>D.C. No. 3:11-cv-00272-ST<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Janice M. Stewart, Magistrate Judge, Presiding

Argued and Submitted April 5, 2017
Pasadena, California

Before: CLIFTON and OWENS, Circuit Judges, and ANTOON,[**] District Judge.

Plaintiff-Appellant Michael Evans appeals the district court's order

dismissing two of his claims against prison officials and granting summary

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

judgment to a prison official as to a third claim.  He also appeals the district court's order denying him leave to amend his complaint.  We affirm in part, reverse in part, and remand.

1.    We affirm the district court's dismissal of Evans's procedural due process challenge to his transfer to the Snake River Correctional Institute's Administrative Segregation Unit.  At the time of Evans's transfer on October 6, 2010, it was not clearly established that transferring an inmate for an indefinite period into a housing unit with conditions that were atypical to the degree that SRCIASU conditions allegedly differed from Oregon's baseline prison conditions would, without more, constitute an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *cf. Wilkinson v. Austin*, 545 U.S. 209, 224 (2005) (identifying an atypical and significant hardship in an indefinite transfer to a facility that, in addition to having harsh conditions, also disqualified its inmates from parole consideration).  Accordingly, it was not clearly established that Evans had a liberty interest protected by the Due Process Clause in avoiding such a transfer.  *See Sandin*, 515 U.S. at 484.  Because Defendants did not have fair warning of any liberty interest Evans may have possessed regarding the transfer, Defendants were

entitled to qualified immunity. *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003).

2.      We also affirm the district court's dismissal of Evans's Eighth Amendment failure to protect claim against Defendant Greg Jones. To state a failure to protect claim, an inmate must allege "that he is incarcerated under conditions posing a substantial risk of serious harm" and that the defendant prison official acted with "'deliberate indifference' to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 302 (1991)). The facts alleged in Evans's complaint, which was prepared with the assistance of pro bono counsel, were insufficient to move his claim over the line from alleging "*a* risk of *some* harm to a *substantial* risk of *serious* harm." *See Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1051 (9th Cir. 2002).

Although the district court analyzed Jones's motion to dismiss this claim in the same section of its order in which it analyzed Evans's motion for summary judgment, contrary to Evans's assertions, the district court did not apply the summary judgment standard to the motion to dismiss. Evans also asserts that he should have been given leave to amend this claim, but he points to nothing in the record suggesting that he ever sought leave to amend the claim, and, regardless, the

single amendment he proposes in his brief would still be insufficient to state a claim.

3.     The district court erred in granting Defendant Jose Olvera's motion for summary judgment on Evans's First Amendment retaliation claim as it related to the misconduct report that Olvera filed on December 8, 2011, in response to the grievance that Evans sent to Captain Boston on December 7, 2011, in which Evans described Olvera in disrespectful terms.  To succeed on a retaliation claim, a prisoner must demonstrate, among other things, that a prison official's allegedly retaliatory "action 'did not reasonably advance a legitimate correctional goal.'" *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (quoting *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir.2005)).  The district court held that Evans was unable to prove this element of his claim because it determined that keeping disrespectful language out of prison grievances was a legitimate correctional goal.

However, in 2009, we held that prohibiting disrespectful language in a prisoner's written grievance does not reasonably advance a legitimate correctional goal, at least when the grievance is sent to someone other than the guard toward whom the prisoner exhibits disrespect. *Brodheim*, 584 F.3d at 1272–73.  We reached a similar conclusion in an earlier case dealing with the same Oregon prison rule that Evans was found to have violated by describing Olvera in disrespectful

4

terms. *Bradley v. Hall*, 64 F.3d 1276, 1278–81 (9th Cir. 1995). Therefore, the district court was incorrect in its conclusion that Olvera's misconduct report reasonably advanced a legitimate correctional goal.

Olvera asks us to affirm the district court on the alternate grounds that Evans's grievance was not a communication protected by the First Amendment because he transmitted the grievance on an "inmate communication form" instead of a formal grievance form. However, "[t]he First Amendment guarantees a prisoner a right to seek redress of grievances from prison authorities," even outside of formal grievance proceedings. *Jones v. Williams*, 791 F.3d 1023, 1035–36 (9th Cir. 2015). This guarantee was clearly established prior to the events in question. *See Austin v. Terhune*, 367 F.3d 1167, 1169–71 (9th Cir. 2004). Accordingly, we reverse the district court's grant of summary judgment to Olvera on Evans's retaliation claim as it relates to the events of December 2011. We remand for further proceedings on this claim, as to which Olvera will be the only remaining defendant.

4. The district court did not abuse its discretion when, just as the case was drawing to a close after years of litigation, it denied Evans's motion for leave to file a supplemental complaint that would have added eight claims and seventeen defendants to the case. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532

(9th Cir. 2008) ("The decision of whether to grant leave to amend [is] within the discretion of the district court, which may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, . . . [or] futility of amendment.'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))). Regardless, the damages allegations Evans seeks to add to his procedural due process claim would be futile in light of our affirmance of the dismissal of that claim.

5. Evans's contention that the district court judgment should be reversed due to the absence from the record of exhibits that the district court reviewed in camera is meritless. Evans does not claim that he even asked Defendants to provide the exhibits for transmission to the Court pursuant to Ninth Circuit Rule 27-14. Furthermore, he has not demonstrated that any "defect in the record materially affects the ability of the appeals court to review the alleged error." *See Bergerco, U.S.A. v. Shipping Corp. of India*, 896 F.2d 1210, 1217 (9th Cir. 1990).

Each party will bear his own costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**