**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RACHEL D. BENJAMIN,<br><br>          Plaintiff-Appellant,<br><br>  v.<br><br>STEVENS COUNTY, a political subdivision of the State of Washington; PAT WALSH, an employee of the Stevens County Public Works Department; NADINE BORDERS, an employee of Stevens County District Court,<br><br>          Defendants-Appellees,<br><br> and<br><br>GINA A. TVEIT, Stevens County District Court Judge,<br><br>          Defendant. | No.    19-35814<br><br>D.C. No. 2:18-cv-00204-RMP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted December 11, 2020[**]

---

          [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

          [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Seattle, Washington

Before:  McKEOWN, HUNSAKER, and BUMATAY, Circuit Judges.

Rachel Benjamin appeals the district court's grant of summary judgment for Pat Walsh, Nadine Borders, and Stevens County in an action brought under 42 U.S.C. § 1983 alleging Eighth Amendment violations.  The parties are familiar with the facts, so we do not repeat them here.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's grant of summary judgment, *Austin v. Terhune*, 367 F.3d 1167, 1170 (9th Cir. 2004), viewing the evidence in the light most favorable to the non-moving party, *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016).

The Eighth Amendment proscribes cruel and unusual punishment, which includes sexual harassment.  *See Wood v. Beauclair*, 692 F.3d 1041, 1045–46 (9th Cir. 2012) ("Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment.").  However, "the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." *Austin*, 367 F.3d at 1171.

Benjamin was sentenced to 81 days of a work crew assignment and experienced vulgar and inappropriate treatment from her supervisor, Pat Walsh.  She alleges that Walsh made "sexually inappropriate statements" on "a daily

2

basis," including vulgar stories about Walsh's coworkers and their family members. Walsh also touched Benjamin without her consent, including brushing dirt off her thigh and putting his hand on her back while talking to her. She does not allege that he made sexual advances towards her.

The conduct alleged by Benjamin was inappropriate and unacceptable, but given the scope of the cruel and unusual punishment clause, the conduct does not rise to an Eighth Amendment violation. We previously concluded that more severe conduct does not violate the Eighth Amendment. *See, e.g.*, *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (no Eighth Amendment violation where a guard approached an inmate who was on the toilet, rubbed his thigh against the inmate's thigh, and laughed); *Austin*, 367 F.3d at 1171 (no Eighth Amendment violation where corrections officer exposed himself to an inmate for 30 to 40 seconds); *Blueford v. Prunty*, 108 F.3d 251, 254–55 (9th Cir. 1997) (no Eighth Amendment violation where prison employee pulled inmate's hands toward his own genitals, grabbed his own genitals, and demanded anal sex).

In light of our precedent, we affirm the district court's grant of summary judgment for Walsh and Border on the ground of qualified immunity. To overcome a defense of qualified immunity, Benjamin must show that she "suffered a deprivation of a constitutional or statutory right," and that the "right was clearly established at the time of the alleged misconduct." *Hamby*, 821 F.3d at 1090.

3

Because Benjamin has not shown that either Walsh or Border violated a constitutional right, they are both entitled to qualified immunity.

The *Monell* claim against Stevens County also fails. "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019). Absent a constitutional injury, there can be no *Monell* liability.

**AFFIRMED.**