**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARCUS J. MOORE,

Plaintiff-Appellant,

v.

R. SCHLICHTING, C/O at Sierra
Conservation Center,

Defendant-Appellee.

No. 21-16229

D.C. No. 1:20-cv-01672-DAD-EPG

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted May 17, 2022[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

California state prisoner Marcus J. Moore appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging sexual assault,

sexual harassment, and violation of his right to due process by prison officials.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Moore's Eighth Amendment claims because Moore failed to allege facts sufficient to state a plausible claim. *See Bearchild v. Cobban*, 947 F.3d 1130, 1144-45 (9th Cir. 2020) (setting forth the elements for a claim of sexual assault by a correctional officer); *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004) (concluding that sexual gesturing from a control booth was not sufficiently serious to constitute an Eighth Amendment violation); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim).

The district court properly dismissed Moore's due process claim arising from a prison disciplinary hearing where his good-time credits were forfeited because it is not cognizable as a § 1983 claim. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that a claim for monetary and declaratory relief challenging the validity of procedures used to deprive a prisoner of good-time credits is not cognizable under § 1983).

Moore's motion for appointment of counsel (Docket Entry No. 5) is denied.

**AFFIRMED.**