# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1754

_____

|  |  |  |
|---|---|---|
| Teresa Marie Williams, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| Cindy Prudden; John Lanon; | * | District of Missouri |
| Bob Capowski; Al Luebbers; | * | |
| Stewart Epps, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted: February 7, 2003

Filed: May 19, 2003

_____

Before McMILLIAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Teresa Marie Williams appeals from the final judgment entered in the District Court for the Eastern District of Missouri dismissing her action brought under 42 U.S.C. §§ 1983, 1985, and 1988, for failing to state a claim and based on qualified immunity. For the reasons discussed below, we affirm in part and reverse in part.

Williams named as defendants John Lanon--a Corrections Officer at Women's Eastern Reception, Diagnostic, and Correctional Center (WERDCC)--and Cindy

Prudden, Bob Capowski, Al Luebbers, and Stewart Epps (collectively "the supervisors") all of whom were WERDCC superintendents or superiors of Lanon or both. Williams alleged that on January 27, 1999, as she bent forward, "Lanon approached her from behind and without warning or consent, . . . pressed and rubbed his pelvis against [Williams]." On January 30, "Lanon grabbed [Williams's] breast, verbally demanded sexual favors, made physical sexual advances and attempted to force himself upon [her]." Williams reported these events to the appropriate personnel and the events became known to the supervisors. She suffered resulting bodily and emotional harm. Williams alleged further that, prior to her encounter with Lanon, other inmates at WERDCC had had similar experiences with him and with other WERDCC employees, and had made similar complaints, but the supervisors failed to take corrective action.

The district court granted Lanon's Fed. R. Civ. P. 12(b)(6) motion to dismiss, finding that his alleged actions did not constitute an Eighth Amendment violation, and, alternatively, that he was entitled to qualified immunity. The district court also held that Williams failed to allege facts to support an equal protection claim and declined to exercise supplemental jurisdiction over Williams's remaining state law claims against Lanon. The district court denied Williams's motion to reconsider or alternatively to file a second amended complaint. Finally, the district court later granted the supervisors' motion to dismiss, recognizing that the prior dismissal of Lanon was law of the case and the supervisors could not be held liable absent an underlying violation by Lanon. The district court also declined to exercise jurisdiction over the pendent state law claims against the supervisors.

A complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). We agree with the district court that Williams failed to state an equal protection claim, as she did not allege any facts to show that she was treated differently from other similarly situated inmates. See Klinger v. Dep't of Corr., 31 F.3d 727, 731 (8th Cir. 1994)

(equal protection claimant must allege different treatment of similarly situated individuals), cert. denied, 513 U.S. 1185 (1995).

Williams did, however, sufficiently state an Eighth Amendment claim by alleging that Lanon forcibly ground his pelvis against her, grabbed her breast, verbally demanded sexual favors, made physical sexual advances, and attempted to force himself upon her. See Whitley v. Albers, 475 U.S. 312, 319 (1986) (holding that unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by Eighth Amendment); Seltzer-Bey v. Delo, 66 F.3d 961, 962-63 (8th Cir. 1995) (holding that allegations that prison guard conducted daily strip searches, made sexual comments about prisoner's penis and buttocks, and rubbed prisoner's buttocks with nightstick were sufficient to withstand motion for summary judgment in inmate's suit for sexual assault in violation of Fourth and Fourteenth Amendments); Watson v. Jones, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (holding that allegations in verified complaint that prison guard performed almost daily pat-down searches, tickled inmates, and deliberately examined genital, anus, lower stomach, and thigh areas were sufficient to withstand summary judgment motion in inmate's suit claiming unconstitutional searches). Williams also alleged that she suffered resulting emotional and bodily harm. See 42 U.S.C. § 1997e(e) (no federal civil action may be brought by prisoner for emotional injury without showing of physical injury); Berryhill v. Schriro, 137 F.3d 1073, 1076 (8th Cir. 1998) (holding that sexual assaults are not part of prisoner's punishment, and substantial physical and emotional harm suffered by victim of such abuse are compensable injuries); cf. Liner v. Goord, 196 F.3d 132, 135 (2d Cir. 1999) (holding sexual assaults qualify as physical injuries as matter of common sense, and sexual assaults certainly constitute more than de minimis injury).

Further, Lanon is not protected by qualified immunity. Any reasonable corrections officer would have known in January 1999 that sexually assaulting an inmate would violate the inmate's constitutional rights. See Harlow v. Fitzgerald,

-3-

457 U.S. 800, 818-19 (1982).  Thus, we reverse the district court's dismissal of Williams's Eighth Amendment claim against Lanon.  We also reverse the dismissal of the Eighth Amendment claim against the supervisors.  See Howard v. Adkison, 887 F.2d 134, 137-38 (8th Cir. 1989) (holding supervisors are liable when their corrective inaction amounts to "deliberative indifference" or "tacit authorization" of violative practices).

Accordingly, we affirm in part, reverse in part, and remand to the district court for further proceedings consistent with this opinion.  On remand, the district court should reconsider the denial of Williams's motion to file a second amended complaint, and also should revisit whether supplemental jurisdiction should be exercised over the pendent state law claims.  See 28 U.S.C. § 1367(c).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-