**PUBLISH**
**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 10, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

SUSAN ULLERY,

    Plaintiff - Appellee,

v.

BRUCE BRADLEY, in his individual and
official capacity,

    Defendant - Appellant,

and

DANNY LAKE, in his individual and
official capacity; TERRY JACQUES, in
his individual and official capacity; RICK
RAEMISCH, in his official capacity;
DAVID JOHNSON, in his individual and
official capacity; DAVID WANG, in his
individual and official capacity; DAVID
URICH, in his individual and official
capacity; RAMONA AVANT, in her
individual and official capacity; SCOTT
SMITH, in his individual and official
capacity,

    Defendants.

No. 19-1079

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:18-CV-00839-STV)**
_____

Submitted on the briefs:[*]

David R. DeMuro, Vaughan & DeMuro, Denver, Colorado, for Defendant-Appellant.

David A. Lane and Liana G. Orshan, Killmer, Lane & Newman, LLP, for Plaintiff-Appellee.

_____

Before **PHILLIPS**, **BALDOCK**, and **MORITZ**, Circuit Judges.

_____

**BALDOCK**, Circuit Judge.

_____

In this 42 U.S.C. § 1983 action, Defendant Bruce Bradley appeals the district court's order denying his motion to dismiss based on qualified immunity. Plaintiff Susan Ullery alleges Defendant violated, among other things, her Eighth Amendment right to be free from cruel and unusual punishment by using excessive force against her in the form of sexual assault and abuse. On appeal, Defendant does not challenge the district court's determination that he violated a constitutional right. Rather, Defendant argues he is entitled to qualified immunity even if he violated the Constitution because Plaintiff's asserted Eighth Amendment right to be free from sexual abuse was not clearly established at the time of the alleged violations—between 2014 and April 2016.

We conclude the district court erred to the extent it held the contours of the asserted constitutional right were clearly established before August 11, 2015. But we

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

2

further conclude any reasonable corrections officer in Defendant's position since August 11, 2015, would have known the alleged conduct violated the Eighth Amendment based upon the clearly established weight of persuasive authority. Because any actionable constitutional violations in this case would necessarily have occurred after this date, the law was clearly established for all relevant purposes, and the district court therefore correctly denied Defendant qualified immunity. Thus, exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

I.

Plaintiff is a former inmate at the Denver Women's Correctional Center, which is a prison in the Colorado state prison system. Between early 2014 and April 2016, Plaintiff worked in the canteen services at the prison under the direction of Defendant, a corrections officer and supervisor of inmates who worked in the department. During this time, Defendant sexually harassed, abused, and assaulted Plaintiff. Defendant's

---

[1] The district court's order denying Defendant's motion to dismiss is not a final judgment. *See Ashcroft v. Iqbal*, 556 U.S. 662, 671–72 (2009). Nevertheless, a "district court's order rejecting qualified immunity at the motion-to-dismiss stage of a proceeding is a 'final decision' within the meaning of § 1291" and is immediately appealable where the decision turns on a question of law. *Id.*; *see also Matthews v. Bergdorf*, 889 F.3d 1136, 1143 (10th Cir. 2018). Defendant argues this appeal is limited to the legal issue of whether he is entitled to qualified immunity under the facts alleged in Plaintiff's amended complaint, focusing specifically on whether the asserted constitutional right was clearly established. Our resolution of this appeal does not hinge on any factual disputes because qualified immunity arises here on a motion to dismiss. *Lowe v. Raemisch*, 864 F.3d 1205, 1207 (10th Cir. 2017), *cert. denied sub nom. Apodaca v. Raemisch*, 139 S. Ct. 5 (2018) ("reviewing the sufficiency of a complaint . . . involves a pure issue of law"); *see also Ortiz v. Jordan*, 562 U.S. 180, 188 (2011) (explaining the clearly-established-law inquiry is a question of law). Accordingly, we have jurisdiction to determine whether Defendant's alleged actions violated a clearly established right. *Lowe*, 864 F.3d at 1075.

3

alleged verbal harassment includes, among other things, suggesting that "jacking off and [his] semen hitting [Plaintiff] in the face would make her feel better[,]" telling Plaintiff he wanted to "shove [his] dick in [her] ass[,]" and demanding Plaintiff expose her breasts to him under threat of reprisal. Plaintiff further alleges Defendant: (1) would "repeatedly approach [her] from behind and forcefully press his genitals into her buttocks" and "moan[ ] mmmmmm in [her] ear"; (2) "purposefully and knowingly used physical force against [her] by touching her breasts"; and on one occasion (3) "backed her into a wall, forcefully thrust his hand between her legs, and [ ] grop[ed] her crotch."

On April 10, 2018, Plaintiff filed a complaint in the United States District Court for the District of Colorado, alleging Defendant's sexual abuse violated her Eighth Amendment right to be free from excessive force and Fourteenth Amendment right to be secure in her bodily integrity.[2] Plaintiff's complaint also asserted claims against other defendants, including Defendant's supervisors, who were employees of the Colorado Department of Corrections. These other defendants and claims are not involved in this appeal.

Defendant filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In support of his motion, Defendant asserted the defense of qualified immunity and argued he is entitled to a dismissal even

---

[2] On July 6, 2018, Plaintiff filed her First Amended Complaint, which superseded her original complaint and is the operative pleading here. We will refer to Plaintiff's First Amended Complaint simply as the "complaint" for purposes of resolving this appeal.

if he violated Plaintiff's Eighth Amendment rights because the law was not clearly established.[3] The district court first concluded Plaintiff's allegations of sexual abuse and assault sufficiently stated a violation of the Eighth Amendment's prohibition of cruel and unusual punishment. Second, the court denied Defendant qualified immunity because it determined Plaintiff's asserted Eighth Amendment right was clearly established at the relevant time. Defendant timely noticed this appeal.

## II.

"We review de novo the district court's denial of a motion to dismiss based on qualified immunity." *Apodaca v. Raemisch*, 864 F.3d 1071, 1076 (10th Cir. 2017). In conducting this review, we accept all factual allegations in the complaint as true and draw all reasonable inferences in Plaintiff's favor. *Lowe*, 864 F.3d at 1208. To survive a Rule 12(b)(6) motion, the complaint must contain factual allegations that plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 678. This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Before turning to the merits of Defendant's challenge to the district court's conclusion regarding qualified immunity, we must first address Defendant's arguments

---

[3] The district court dismissed the Fourteenth Amendment claim against Defendant on the ground Plaintiff's asserted right to bodily integrity is governed by the Eighth Amendment. In their briefs on appeal, the parties limit their arguments to the issue of the alleged Eighth Amendment violation. Thus, only the district court's ruling on the Eighth Amendment claim against Defendant is before us.

concerning the inadequacy of the factual allegations in Plaintiff's complaint. Defendant takes issue with the district court's reading of the complaint and Plaintiff's presentation of the allegations on appeal. Specifically, Defendant argues the district court misconstrued the allegations in the complaint underlying Plaintiff's Eighth Amendment claim and erred in considering instances of alleged sexual abuse barred by the statute of limitations.

First, Defendant argues any constitutional violation arising from the allegation he would "repeatedly approach [Plaintiff] from behind and forcefully press his genitals into her buttocks" and "moan[ ] mmmmmm in [her] ear" is barred by the statute of limitations. "The forum state's statute of limitations for personal-injury actions sets the limitations period for § 1983 actions," *Gee v. Pacheco*, 627 F.3d 1178, 1190–91 (10th Cir. 2010), and the applicable limitations period in Colorado is two years. Colo. Rev. Stat. § 13–80–102 (providing the general limitation for personal injury claims in Colorado is two years from when the action accrues). Federal law, on the other hand, governs when a § 1983 claim accrues and when the limitations period begins to run. *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006). "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005) (quoting *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993)).

Colorado's two-year statute of limitations applies in this case. *See Gee*, 627 F.3d at 1190–91; Colo. Rev. Stat. § 13–80–102. Plaintiff filed her original complaint on April 10, 2018, and she does not argue for equitable tolling of the limitations period.

6

Accordingly, the applicable statute of limitations bars claims arising out of the alleged constitutional violations Defendant committed before April 10, 2016.

It is proper to dismiss a claim on the pleadings based on the statute of limitations only if the affirmative defense appears plainly on the face of the complaint itself. *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018). The face of the complaint at issue provides Defendant would "*repeatedly* approach [Plaintiff] from behind and forcefully press his genitals into her buttocks" and "moan[ ] mmmmmm in [her] ear[,]" and "Defendant [ ] repeated this behavior *every time* that [Plaintiff] worked inventory." Plaintiff's complaint, however, does not identify specific dates when each alleged instance of sexual abuse occurred. Although claims arising out of constitutional violations Defendant committed before April 10, 2016 are time-barred, it is still plausible—when construing the complaint in the light most favorable to Plaintiff—Defendant engaged in this conduct at least once, and possibly on several occasions, within the limitations period. Thus, we will consider whether this alleged sexual misconduct violated clearly established law.

Next, Defendant contends we should not consider the allegation he "purposefully and knowingly used physical force against [Plaintiff] by touching her breasts" because it is conclusory. We disagree. "[U]nder Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *S.E.C. v. Shields*, 744 F.3d 633, 641 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012)). When read in the context of the entire complaint, rather than in isolation, this allegation

7

provides Defendant sufficient notice of the ground upon which Plaintiff's claim for relief rests. *See Burnett v. Mortg. Elec. Registration Sys.*, 706 F.3d 1231, 1236 (10th Cir. 2013) (explaining our review of a complaint is a "context-specific task").

Finally, regarding the allegation Defendant "backed [Plaintiff] into a wall, forcefully thrust his hand between her legs, and [ ] grop[ed] her crotch[,]" Defendant argues the district court erred in interpreting the complaint to state this groping occurred "for approximately three minutes." Defendant's argument is, again, without merit. The complaint specifically provides prison officials "left [Plaintiff] alone with Defendant [ ] for approximately three minutes after he had begun to assault her." These defendants, Plaintiff further alleges, "created the danger that caused [Plaintiff] to be sexually assaulted [by] Defendant [ ] [when he] forcibly grop[ed] her crotch for several minutes." Reading the complaint in the light most favorable to Plaintiff and drawing all reasonable inferences in her favor, it is therefore plausible this sexual assault lasted three minutes or, at the very least, for several minutes. *See Lowe*, 864 F.3d at 1208.

Whether evidence supports these allegations, and to what extent the statute of limitations might limit Plaintiff's Eighth Amendment claims, are questions for further proceedings. It is sufficient at this stage for us to conclude the allegations in Plaintiff's complaint plausibly support her Eighth Amendment claim against Defendant. Having addressed Defendant's arguments concerning the well-pleaded facts underlying the alleged constitutional violations, we next turn to whether the district court erred in denying Defendant qualified immunity against Plaintiff's Eighth Amendment claim.

8

III.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Qualified immunity balances two important interests—[1] the need to hold public officials accountable when they exercise power irresponsibly and [2] the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id.* The purpose of the doctrine is to provide government officials "breathing room to make reasonable but mistaken judgments about open legal questions." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866 (2017) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011)).

"Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (internal quotation marks omitted). When a defendant raises the qualified-immunity defense, the plaintiff must therefore establish (1) the defendant violated a federal statutory or constitutional right and (2) the right was clearly established at the time of the defendant's conduct. *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018). Under this two-part test, "immunity protects all but the plainly incompetent or those who knowingly violate the law." *Kisela*, 138 S. Ct. at 1152 (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017)).

9

For purposes of this appeal, Defendant does not dispute he violated Plaintiff's Eighth Amendment right to be free from excessive force in the form of sexual abuse. Defendant instead focuses on the second prong of the qualified-immunity inquiry, arguing he is entitled to qualified immunity because the law was not clearly established at the relevant time. The clearly-established-law prong therefore lies at the heart of this appeal. Because, however, the nature of the alleged constitutional violations are pertinent to our clearly-established-law analysis—and both parties devote substantial portions of their briefs to addressing the underlying violations—we first outline the framework for evaluating a prisoner's Eighth Amendment sexual abuse claim.

A.

The Eighth Amendment guarantees prisoners the right to be free from "cruel and unusual punishments" while in custody. *Whitley v. Albers*, 475 U.S. 312, 318 (1986) (quoting U.S. Const. amend. VIII). "The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment"; and "among unnecessary and wanton inflictions of pain are those that are totally without penological justification." *Hope v. Pelzer*, 536 U.S. 730, 737 (2002) (alterations and internal quotation marks omitted). Plaintiff alleges Defendant violated her right to be free from cruel and unusual punishment by using excessive force against her in the form of sexual assault and abuse.

Although the Supreme Court has not addressed the legal framework for analyzing prisoners' sexual abuse claims against prison officials, we—along with our sister circuits—have drawn from excessive force precedents to analyze such claims.

10

*See Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003); *Ricks v. Shover*, 891 F.3d 468, 474–75 (3d Cir. 2018). Under these precedents, a prison official violates the Eighth Amendment only (1) if the constitutional deprivation is "objectively sufficiently serious" and (2) the prison official has a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). To state a claim for sexual abuse against a prison official under the Eighth Amendment, a plaintiff must therefore satisfy two elements—one objective and one subjective. *Smith*, 339 F.3d at 1212.

To satisfy the objective component, the plaintiff must show the defendant's "alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id.* (quoting *Giron v. Corrections Corp. of America*, 191 F.3d 1281, 1289 (10th Cir. 1999)). This objective prong is "contextual and responsive to contemporary standards of decency." *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). But as the Supreme Court has explained, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9–10 (internal quotation marks omitted). Conduct is repugnant to the conscience of mankind when it is "incompatible with evolving standards of decency" or involves "the unnecessary and wanton infliction of pain." *Id.* at 10 (quoting *Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976)).

11

Regarding the subjective prong of an excessive force claim, we ask whether the defendant acted with a "sufficiently culpable state of mind." *Smith*, 339 F.3d at 1212 (quoting *Giron*, 191 F.3d at 1289). When a prisoner alleges excessive force in the form of sexual abuse, the subjective element "turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* "In cases of sexual abuse or rape, the conduct itself constitutes sufficient evidence that force was used maliciously and sadistically for the very purpose of causing harm." *Id.* at 1212–13 (internal quotation marks omitted) (quoting *Giron*, 191 F.3d at 1290).

Because the sexual misconduct alleged here is unquestionably "repugnant to the conscience of mankind[,]" *see Hudson*, 503 U.S. at 9–10, it is unsurprising Defendant has elected not to challenge the district court's conclusion regarding the existence of a constitutional violation. To be sure, Defendant's alleged actions—(1) approaching Plaintiff from behind and forcibly pressing his genitals into her buttocks while lasciviously moaning "mmmmmm" in her ear; (2) purposefully and knowingly using physical force against Plaintiff by touching her breasts; and (3) forcibly grabbing and fondling Plaintiff's crotch without her consent—are *each* sufficiently serious to satisfy the Eighth Amendment's objective component and without any penological justification. Given the factual circumstances of this case, any one of these three alleged uses of force, even when viewed in isolation, deeply offends contemporary standards of decency and therefore violates the Eighth Amendment. *See Crawford v. Cuomo*, 796 F.3d 252, 257, 259–60 (2d Cir. 2015) (*Crawford I*) (explaining "a single

12

incident of sexual abuse, if sufficiently severe or serious, may violate an inmate's Eighth Amendment rights no less than repetitive abusive conduct").

Despite the intolerable conduct at issue, Defendant is nonetheless entitled to qualified immunity unless Plaintiff has carried her burden of showing the law was clearly established. For the reasons discussed below, we conclude Plaintiff has, for all relevant purposes, satisfied this burden.

B.

Turning to the issue of whether Defendant is entitled to qualified immunity under the circumstances giving rise to this § 1983 action, we conclude his actions violated clearly established law. Specifically, the clearly established weight of persuasive authority in our sister circuits as of August 11, 2015, would have put any reasonable corrections officer in Defendant's position on notice his alleged conduct would violate the Eighth Amendment. Because Plaintiff's asserted right to be free from sexual abuse was clearly established at the relevant time, Defendant is not entitled to qualified immunity.

1.

"A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent." *Wesby*, 138 S. Ct. at 589. "The dispositive question is 'whether the violative nature of the *particular* conduct is clearly

13

established.'"  *Mullenix*, 136 S. Ct. at 308 (quoting *al-Kidd*, 563 U.S. at 742). Accordingly, the Supreme Court has repeatedly admonished circuit courts "not to define clearly established law at a high level of generality." *Kisela*, 138 S. Ct. at 1152. Though "a case directly on point" is not required, "existing precedent must have placed the constitutional question regarding the illegality of the defendant's conduct beyond debate." *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir.), *cert. denied sub nom. Cummings v. Bussey*, 140 S. Ct. 81 (2019).

"Ordinarily . . . there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (internal quotation marks omitted). But when a public official's conduct is so egregious even a general precedent applies with "obvious clarity," the right can be clearly established notwithstanding the absence of binding authority involving materially similar facts. *Lowe*, 864 F.3d at 1210 (internal quotation makes omitted); *see also Hope*, 536 U.S. at 741 (stating defendants "can still be on notice that their conduct violates established law even in novel factual circumstances," so long as the law provided "fair warning" their conduct was unconstitutional). Critically, "the federal right allegedly violated must have been 'clearly established at the time of the defendant's unlawful conduct.'" *Cummings*, 913 F.3d at 1240 (quoting *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 460 (10th Cir. 2013)).

Relying on a footnote in *Wesby*, Defendant argues only the Supreme Court can clearly establish law in the particular circumstances of a case. *See Wesby*, 138 S. Ct.

14

at 591 n.8 ("We have not yet decided what precedents—other than our own—qualify as controlling authority for purposes of qualified immunity."). While *Wesby* may have suggested this is an open question, we do not think only Supreme Court precedents are relevant in deciding whether a right is clearly established. *See Wilson v. Layne*, 526 U.S. 603, 617 (1999) (Rehnquist, C.J.) (explaining courts may rely on "a consensus of cases of persuasive authority" to determine whether a "reasonable officer could not have believed that his actions were lawful"). In recent years, the Supreme Court has reaffirmed that "qualified immunity is lost when plaintiffs point either to 'cases of controlling authority in their jurisdiction at the time of the incident' or to 'a consensus of cases of persuasive authority.'" *al-Kidd*, 563 U.S. at 742 (quoting *Wilson*, 526 U.S. at 617).

Following the Supreme Court's lead, nearly all of our sister circuits, like us, consider both binding circuit precedent and decisions from other circuits in determining whether the law is clearly established. *See Perry v. Durborow*, 892 F.3d 1116, 1123 (10th Cir. 2018); *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 762 (3d Cir. 2019); *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019); *Werner v. Wall*, 836 F.3d 751, 762 (7th Cir. 2016); *Tarabochia v. Adkins*, 766 F.3d 1115, 1125 (9th Cir. 2014); *Terebesi v. Torreso*, 764 F.3d 217, 231 (2d Cir. 2014); *Bame v. Dillard*, 637 F.3d 380, 384 (D.C. Cir. 2011); *Morgan v. Swanson*, 659 F.3d 359, 372 (5th Cir. 2011); *Baker v. City of Hamilton*, 471 F.3d 601, 606 (6th Cir. 2006); *Wilson v. City of Boston*, 421 F.3d 45, 56 (1st Cir. 2005); *Turner v. Ark. Ins. Dep't*, 297 F.3d 751, 755 (8th Cir. 2002); *cf. Carruth v. Bentley*, 942 F.3d 1047, 1054 (11th Cir. 2019) ("look[ing] only

15

to decisions from the United States Supreme Court, this Court, or the [highest court of the relevant state] for clearly established law").

Defendant's argument therefore conflicts with Supreme Court authority, our precedents, and the decisions of our sister circuits. Limiting the source of clearly established law to only Supreme Court precedents also is unwarranted and impractical given the current state of the doctrine. Such a restriction would transform qualified immunity into an absolute bar to constitutional claims in most cases—thereby skewing the intended balance of holding public officials accountable while allowing them to perform their duties reasonably without fear of personal liability and harassing litigation. *See Pearson*, 555 U.S. at 231. Accordingly, Defendant's position is untenable.

2.

Our first step in the clearly-established-law inquiry is to consider cases of controlling authority in this jurisdiction, which would settle the question before us. We therefore start with Supreme Court and Tenth Circuit decisions that have addressed the asserted right. Neither the district court nor the parties cite a Supreme Court decision explicitly discussing an inmate's right under the Eighth Amendment to be free from sexual abuse. But the parties do dispute whether our prior decisions have clearly established the law on the particular circumstances of this case.

In concluding Plaintiff carried her burden of showing the law was clearly established, the district court cited several of our prior cases involving sexual assaults of inmates. The district court cited *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th

16

Cir. 1998), for the threshold principle that an inmate's "deprivations resulting from [ ] sexual assaults are sufficiently serious to constitute a violation under the Eighth Amendment." Similarly, the district court also cited our statement in *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008), that "[t]here is no question that sexual assault of the kind suffered by [plaintiff] meets the objective component of an Eighth Amendment claim." And finally, the district court cited *Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir. 2005), for the following proposition: "[A] plaintiff's uncontroverted claim of deprivations resulting from sexual assault are sufficiently serious to constitute a violation under the Eighth Amendment." (Internal quotation marks omitted.). Plaintiff argues Defendant's alleged conduct is manifestly included within these precedents and the law was therefore clearly established at the relevant time.

But as Defendant correctly points out, these statements of law define the underlying constitutional right at an unacceptably "high level of generality." *Kisela*, 138 S. Ct. at 1152. Although these cases describe an inmate's right to be free of sexual assault in clear and broad terms, "[t]he dispositive question is 'whether the violative nature of the *particular* conduct is clearly established.'" *Mullenix*, 136 S. Ct. at 308 (quoting *al-Kidd*, 563 U.S. at 742). And these decisions fail to describe the sexual assaults at issue with sufficient detail to clearly establish that Defendant's particular conduct violated the Eighth Amendment. *See Tafoya*, 516 F.3d at 914–16 (using the general term "sexual assault" to describe the misconduct); *Barney*, 143 F.3d at 1305–07, 1310 (same).

17

Plaintiff contends our published opinion in *Gonzales* clearly establishes Defendant's alleged actions violated the Eighth Amendment. In *Gonzales*, jail guards "sexually assaulted" female inmates on several occasions. 403 F.3d at 1181. Although we described one such instance in detail—where the guard grabbed the plaintiff's arm, said "[l]et's start off where we left yesterday[,]" "pressed his body against hers and tried to kiss her," but did not "have anything unzipped" during the encounter—the nature of the other sexual assaults is unclear. *Id.*

While *Gonzales* does describe one instance of sexual assault in more detail than our other precedents, the decision is still insufficient to clearly establish the violative nature of the particular conduct alleged in this case. Because only the liability of the supervisory defendants was at issue in *Gonzales*, we did not analyze the constitutionality of the underlying sexual assaults or consider whether such conduct violated the Eighth Amendment. It might be possible for a case addressing only supervisory liability to put a reasonable, non-supervisory official on notice for purposes of qualified immunity. But *Gonzales* does not clarify whether the specific conduct Plaintiff argues is materially analogous to the sexual abuse alleged here would violate the Eighth Amendment. *See id.* at 1182 n.8 (noting the plaintiff-appellant's "third claim for assault and battery against [the sexual assaulters], was dismissed with prejudice after the district court dismissed the § 1983 and negligent supervision claims"). Thus, Plaintiff's reliance on *Gonzales* is unavailing.

Defendant, on the other hand, argues our unpublished decision in *Joseph v. U.S. Fed. Bureau of Prisons*, No. 00-1208, 232 F.3d 901, 2000 WL 1532783 (10th Cir.

18

2000) (unpublished), demonstrates the law was not clearly established at the time of the alleged constitutional violations. In *Joseph*, a male inmate alleged a female secretary who worked in the education department of the prison "violated his Eighth Amendment rights by subjecting him to sexual harassment" when she "touched him several times in a suggestive manner and exposed her breasts to him." *Id.* at *1. We held "the alleged instances of sexual harassment were not 'objectively, sufficiently serious' to demonstrate a use of force of constitutional magnitude" in violation of the Eighth Amendment. *Id.* at *2 (quoting *Farmer*, 511 U.S. at 834).

An unpublished decision from this court "*can* be quite relevant in showing that the law was not clearly established," especially when "the same alleged victim and same defendant conduct are involved." *Grissom v. Roberts*, 902 F.3d 1162, 1168 (10th Cir. 2018) (emphasis added). *Joseph*, however, is not such a decision because the allegations of sexual harassment mentioned therein are ambiguous and unspecified. Due to the vague and limited factual description of the conduct underlying the plaintiff's Eighth Amendment claim, which we speculate was less egregious than the sexual abuse alleged here, *Joseph* is not helpful in determining whether the law was or was not clearly established. For the same reason the factual discussions in our binding precedents discussed above are inadequate to clearly establish the law, *Joseph* fails to carry the day for Defendant.

Neither the district court nor Plaintiff have identified any case from the Supreme Court or this court squarely addressing whether Defendant's alleged conduct violates the Eighth Amendment. Our clearly-established-law inquiry, however, does not end

19

here. Despite the lack of on-point, binding authority addressing the issue, we must now consider whether the right was clearly established based on either a consensus of persuasive authority or general constitutional principles.

3.

In the absence of binding precedent specifically adjudicating the right at issue, the right may still be clearly established based on a "consensus of cases of persuasive authority" from other jurisdictions. *al-Kidd*, 563 U.S. at 742 (quoting *Wilson*, 526 U.S. at 617); *see also Perry*, 892 F.3d at 1123. Plaintiff argues the clearly established weight of out-of-circuit authorities would have put any reasonable corrections officer in Defendant's position on notice his conduct violated the Constitution. Accordingly, we now proceed to examine the relevant decisions of our sister circuits addressing the right of inmates under the Eighth Amendment to be free from sexual abuse.

a.

The consensus of persuasive authority from our sister circuits since August 11, 2015, places the constitutional question in this case "beyond debate." *See Cummings*, 913 F.3d at 1239. The Second, Seventh, Eighth, and Ninth Circuits have all held—in published decisions involving materially analogous facts—sexual abuse of the nature alleged here violates the Eighth Amendment. Even more, the Third and Sixth Circuits have recognized an inmate's right to be free from sexual abuse under the Eighth Amendment was clearly established at the time of Defendant's unlawful conduct.

We begin our discussion of the relevant out-of-circuit authority with the Second Circuit's key decisions addressing Eighth Amendment claims for sexual abuse. In

20

*Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997), the Second Circuit recognized "sexual abuse of a prisoner by a corrections officer may in some circumstances violate the prisoner's right [under the Eighth Amendment] to be free from cruel and unusual punishment." *Id.* at 860–61. There, the plaintiff alleged a female corrections officer "squeezed his hand, touched his penis, and said, "[Y]ou know your [sic] sexy black devil, I like you." *Id.* 859–60. The plaintiff further claimed the defendant, on a separate occasion, bumped into him "with both her breast so hard [he] could feel the points of her nipples against [his] chest," and also "bumped into him . . . with her whole body vagina against penis pinning [him] to the door." *Id.* at 860. Though the court held sexual abuse of an inmate could violate the Eighth Amendment, it concluded the "small number of incidents in which [the plaintiff] allegedly was verbally harassed, touched, and pressed against without [ ] consent" were not "objectively sufficiently serious" to state a cognizable claim. *Id.* at 861.

Eighteen years later—on August 11, 2015—the Second Circuit reevaluated its opinion in *Boddie* in light of evolved, contemporary standards of decency. *Crawford I*, 796 F.3d at 254. The court first clarified "the rule set forth in *Boddie*: A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or to humiliate the inmate, violates the Eighth Amendment." *Id*. Turning to the facts of the case, the court concluded a corrections officer violated one of the plaintiff's constitutional rights by "fondl[ing] and squeeze[ing] [his] penis" during a frisk in the middle of a visit with the inmate's wife to "make sure [the plaintiff] did not

21

have an erection." *Id.* at 255, 258. The court also determined the same officer violated the other plaintiff's rights when he allegedly "squeezed" and "fondled" the plaintiff's penis, "roamed" his hands down the inmate's thigh, and made demeaning comments during a purported search. *Id.* at 255, 258–59.

Although the court applied the same general standard set forth in *Boddie*, which had not changed, it concluded the defendant's alleged actions "unquestionably" violated the Eighth Amendment. *Id.* at 259–60. The court explained "conduct that might not have been seen to rise to the severity of an Eighth Amendment violation 18 years ago may now violate community standards of decency." *Id.* at 260. And for this reason, the court pronounced "the officer's conduct in *Boddie* would flunk its own test today." *Id.* at 260.

The Second Circuit's holding in *Crawford I* paralleled the decisions of other circuit courts addressing sexual misconduct materially analogous to Defendant's alleged actions. In *Wood v. Beauclair*, 692 F.3d 1041 (9th Cir. 2012), for instance, the plaintiff alleged the defendant violated the Eighth Amendment when she entered the inmate's prison cell and "cupped his groin" and, on a separate occasion, "reached her hand into his gym shorts[ ] and stroked his penis." *Id.* at 1044–45. The Ninth Circuit concluded these allegations supported the plaintiff's Eighth Amendment claims for sexual abuse. *Id.* at 1049–51; *see also Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) (holding the law was clearly established because no reasonable prison guard could have believed it was lawful to "enter the cell of a prisoner . . . unzip his pants,

22

expose himself, demand oral sex, and then, after being refused, grab the prisoner, push her up against the bars of the cell, and grind his naked penis into her buttocks").

The Eighth Circuit's decision in *Berry v. Oswalt*, 143 F.3d 1127 (8th Cir. 1998), points in the same direction. In *Berry*, a female prisoner claimed a male guard "had attempted to perform nonroutine patdowns on her, had propositioned her for sex, had intruded upon her while she was not fully dressed, and had subjected her to sexual comments." *Id.* at 1131. After the jury found for the prisoner, the guard challenged the verdict on appeal and argued the prisoner could not satisfy the objective element necessary for an Eighth Amendment claim. *Id.* The Eighth Circuit disagreed, holding it was "within the jury's discretion to find that [the guard's] alleged harassing behavior was 'harmful enough,' to be a violation of the Eighth Amendment." *Id.* at 1133.[4]

The Seventh Circuit's decision in *Washington v. Hively*, 695 F.3d 641 (7th Cir. 2012) (Posner, J.), likewise informs our clearly-established-law analysis. The plaintiff in *Hively*, a pretrial detainee in county jail, alleged a guard "spent five to seven seconds

---

[4] In *Williams v. Prudden*, 67 F. App'x 976, 977–78 (8th Cir. 2003) (unpublished), the Eighth Circuit also held a female inmate sufficiently alleged an Eighth Amendment claim for sexual abuse on facts nearly identical to those at issue here. There, the female inmate alleged a male guard "forcibly ground his pelvis against her, grabbed her breast, verbally demanded sexual favors, made physical sexual advances, and attempted to force himself upon her." *Id.* at 977. The court held this conduct was objectively serious to satisfy the Eighth Amendment and also concluded the defendant was not entitled to qualified immunity. *Id.* at 977–78. *Williams* is an unpublished out-of-circuit decision entitled to minimal, if any, consideration in our clearly-established-law inquiry. *See Cummings*, 913 F.3d at 1244. Accordingly, our conclusion the law was clearly established does not turn on *Williams*. Rather, we cite this decision merely to highlight the Eighth Circuit's consistent and longstanding position on what type of sexual abuse violates the Eighth Amendment.

gratuitously fondling [his] testicles and penis through [his] clothing and then while strip searching him fondled his nude testicles for two or three seconds." *Id.* at 642.[5] The district court granted summary judgment in the guard's favor on the plaintiff's Eighth Amendment claim. *Id.* But the Seventh Circuit reversed, holding "[a]n unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant." *Id.* at 643.

Defendant argues *Hively* is inapposite because the decision seeks "to retire the principle of *de minimis* uses of force" and "effectively eliminate the objective prong

---

[5] The plaintiff's status as a pretrial detainee rather than a convicted inmate does not alter our conclusion or otherwise render *Hively* inapplicable for our purposes. "Pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment. In determining whether [a pretrial detainee's] rights were violated, however, we apply an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983." *Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999). But as we recently explained:

> [A]fter *Lopez*, the Supreme Court said the Eighth Amendment standard for excessive force claims brought by prisoners, which requires that defendants act "maliciously and sadistically to cause harm," does not apply to Fourteenth Amendment excessive force claims brought by pretrial detainees, which require showing only that the defendants' use of force was "objectively unreasonable." *Kingsley v. Hendrickson*, ––– U.S. ––––, 135 S. Ct. 2466, 2473, 2475, 192 L.Ed.2d 416 (2015).

*Burke v. Regalado*, 935 F.3d 960, 991 n.9 (10th Cir. 2019). Thus, following *Kingsley*, we no longer apply an identical analysis to an excessive force claim regardless of whether the claim arises under the Fourteenth or Eighth Amendment. Nevertheless, because *Kingsley* only deleted the subjective prong of the Fourteenth Amendment analysis, and only the objective prong of Plaintiff's Eighth Amendment claim is at issue here, the holding in *Hively* is still persuasive for our purposes.

24

of the Eighth Amendment excessive force claim, contrary to Supreme Court authority and other circuit courts." We disagree. The Seventh Circuit's opinion simply recognizes—consistent with Supreme Court precedent—even *de minimis* uses of force, particularly in sexual abuse cases, violate the Eighth Amendment when the conduct is "repugnant to the conscience of mankind." *See Hively*, 695 F.3d at 642–43; *accord Hudson*, 503 U.S. at 9–10 ("The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, *provided that the use of force is not of a sort repugnant to the conscience of mankind*.") (emphasis added) (internal quotation marks and citation omitted); *cf. Copeland v. Nunan*, 250 F.3d 743, 743 (5th Cir. 2001) (unpublished) (noting "sexual assaults against inmates by prison guards without lasting physical injury may be actionable under the Eighth Amendment as acts which are offensive to human dignity") (internal quotation marks omitted). But nowhere did the court suggest a plaintiff could state a cognizable claim under the Eighth Amendment without showing the defendant's conduct is objectively, sufficiently serious.

The Third and Sixth Circuits have also recognized an inmate's right to be free from sexual abuse under the Eighth Amendment was clearly established at the time of Defendant's alleged misconduct. *Rafferty v. Trumbull Cty., Ohio*, 915 F.3d 1087, 1091 (6th Cir. 2019) (holding it was clearly established in 2014 "that sexual abuse of prisoners could rise to the level of an Eighth Amendment violation" and finding allegations a prison guard required a female inmate to expose her breasts and masturbate on several occasions could support an Eighth Amendment claim); *Beers-*

25

*Capitol v. Whetzel*, 256 F.3d 120, 142 n.15 (3d Cir. 2001) ("There is no question that the plaintiffs' constitutional right that was violated—the right not to be sexually abused by a state employee while in confinement—was clearly established at the time of [the defendant's] relevant actions.").[6]  Though not directly binding on this court, these decisions reflect the contours of Plaintiff's right to be free from sexual abuse were clearly established at the relevant time.

Given the persuasive authority in the Second, Third, Sixth, Seventh, Eighth, and Ninth Circuits, we are compelled to conclude Plaintiff's right to be free from sexual abuse was clearly established under the Eighth Amendment.  Following *Crawford I*, no "reasonable [corrections] officer, looking at the entire legal landscape at the time of the [alleged sexual misconduct], could have interpreted the law as permitting" Defendant's actions.  *Wesby*, 138 S. Ct. at 593.  If Defendant did not "knowingly

---

[6] Although the court spent most of its time addressing supervisory liability on appeal, *Beers-Capitol* describes both the sexual assaults and outcome of the plaintiff's claim against the defendant who committed the sexual abuse in sufficient detail to put a reasonable officer on notice such conduct violated the Eighth Amendment.  One of the plaintiffs, a female inmate at a detention facility for juveniles, alleged one of the facility's employees violated her Eighth Amendment rights when he "cornered [her] in the back office at the unit, prevented her from leaving, grabbed her, kissed her, put his hands down her pants and then tried to pick her up and lick her chest."  *Id.* at 129.  After the jury returned a verdict for the plaintiff on this claim, the plaintiff appealed the district court's grant of summary judgment for the supervisory defendants.  *Id.* at 125.  The supervisory defendants did not dispute the sexual abuse at issue was sufficiently serious to support an Eighth Amendment claim; rather, they argued they did not exhibit the deliberate indifference necessary to support the plaintiffs' claims against them.  *Id.* at 130.  In deciding the "live issue" of whether one of the defendants was entitled to qualified immunity, the court pronounced "[t]here is no question that the plaintiffs' constitutional right that was violated—the right not to be sexually abused by a state employee while in confinement—was clearly established at the time of [the defendant's] relevant actions."  *Id.* at 142 n.15.

violate the law" when he sexually abused Plaintiff, which we doubt is the case here, then he is "plainly incompetent." *See Kisela*, 138 S. Ct. at 1152. Either way, qualified immunity affords Defendant no shelter for the alleged constitutional violations he committed after August 11, 2015.

b.

Despite the consensus of published circuit court opinions discussed above, Defendant contends a body of case law in this circuit and decisions in other jurisdictions demonstrate the asserted right was not clearly established at the time of the alleged violations. The case law muddying the water, Defendant argues, includes the Second Circuit's summary order in *Crawford v. Cuomo*, 721 F. App'x 57 (2d Cir. 2018) (unpublished) (*Crawford II*); *Ricks v. Shover*, 891 F.3d 468 (3d Cir. 2018); *Boxer X v. Harris*, 437 F.3d 1107 (11th Cir. 2006); the Fourth Circuit's per curiam opinion in *Jackson v. Holley*, 666 F. App'x 242 (4th Cir. 2016) (unpublished); and four district court decisions from the District of Colorado. None of these decisions alter our conclusion the right was clearly established as of August 11, 2015.

First, Defendant's reliance on the Second Circuit's decision in *Crawford II* is misplaced. There the defendant was entitled to qualified immunity for wrongdoings he allegedly committed in *2011* because the court did not have the benefit of its holding in *Crawford I* and out-of-circuit authorities existing at that time did not clearly foreshadow the outcome. *Crawford II*, 721 F. App'x at 59. Given the developments in circuit authority since 2011, we speculate the outcome in *Crawford II* may have been different if the alleged misconduct occurred a few years later. *See Hively*, 695

27

F.3d at 642–43 (holding materially similar sexual abuse violated the Eighth Amendment in 2012); *Wood*, 692 F.3d at 1044–45 (same). Nevertheless, the court explained "an officer who sexually abuses an inmate following *Crawford I* will not prevail by arguing that he did not violate clearly established law." *Crawford II*, 721 F. App'x at 59. *Crawford II* therefore only bolsters our conclusion the law has been clearly established since August 2015.

In *Ricks*, the Third Circuit stated "[w]hether sexual abuse can constitute 'cruel and unusual punishment' under the Eighth Amendment is a matter of first impression in our Court." 891 F.3d at 471. But as we discussed above, this was not the first time the Third Circuit recognized the existence of such a right under the Eighth Amendment. *See Beers-Capitol*, 256 F.3d at 142 n.15 ("There is no question that the plaintiffs' constitutional right that was violated—the right not to be sexually abused by a state employee while in confinement—was clearly established at the time of [the defendant's] relevant actions."). Even assuming *arguendo* the Third Circuit had not previously recognized the existence of such a right, the absence of persuasive authority in this circuit addressing the issue would not tip the scales in Defendant's favor. *See Morgan*, 659 F.3d at 372 (explaining the law is not clearly established "when the federal circuit courts are split on the issue"). *Ricks* provides little, if any, succor to Defendant's argument.

Turning to judicial authority in the Eleventh Circuit, Defendant's reliance on *Boxer X* is patently misguided. In *Boxer X*, the Eleventh Circuit "join[ed] other circuits recognizing that severe or repetitive sexual abuse of a prisoner by a prison official can

28

violate the Eighth Amendment." 437 F.3d at 1111. The court concluded, however, "a female prison guard's solicitation of a male prisoner's manual masturbation, even under threat of reprisal, does not present more than *de minimis* injury" and therefore did not violate the Eighth Amendment. *Id.* As the Eleventh Circuit recently recognized, the Supreme Court's decision in *Wilkins v. Gaddy*, 559 U.S. 34, 38–39 (2010), abrogated *Boxer X*'s conclusion regarding the existence of an Eighth Amendment violation. *Sconiers v. Lockhart*, No. 16-16954, 2020 WL 64319, at *7–8 (11th Cir. Jan. 7, 2020). "Although *Boxer X*'s holding that 'severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment,' remains good law, *Wilkins* clarified that courts cannot find excessive force claims not 'actionable' because the prisoner did not suffer 'more than *de minimis* injury.'" *Id.* at *8 (quoting *Boxer X*, 437 F.3d at 1111). Thus, the portion of *Boxer X* which Defendant relies on is no longer good law.

It is true *Sconiers* did not recognize *Boxer X* as abrogated until after Defendant's conduct and therefore fails to provide adequate notice for our clearly-established-law determination. *McCoy v. Meyers*, 887 F.3d 1034, 1053 n.24 (10th Cir. 2018) ("The dispositive clearly established law inquiry is whether the *preexisting* law gave adequate notice that the complained of conduct was unconstitutional."). Nevertheless, *Boxer X* does not alter our conclusion because the case is factually inapposite. *Boxer X* might be relevant to our clearly-established-law analysis if Defendant's alleged sexual misconduct did not involve any physical contact or touching. *Cf. Barney*, 143 F.3d at 1311 n.11 (noting allegations of "severe verbal sexual harassment and intimidation"

29

alone are insufficient to state an Eighth Amendment claim and are actionable only in combination with sexual assaults); *Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (per curiam) (affirming dismissal of Eighth Amendment claim where a female prison employee asked a male prisoner "to have sex with her and to masturbate in front of her and other female staffers"); *but see Rafferty*, 915 F.3d at 1095–96 (concluding allegations corrections officer repeatedly demanded a female prisoner expose her breasts and masturbate, without any physical contact, were sufficiently serious to violate the Eighth Amendment). But each allegation of sexual abuse at issue here does, in fact, involve physical contact or touching. Thus, no reasonable corrections officer could have concluded based on *Boxer X* that the sexual abuse Plaintiff suffered did not violate the Eighth Amendment—especially given the consensus of persuasive circuit authority to the contrary.[7]

Nor does *Jackson* persuade us that Eighth Amendment law was not clearly established at the relevant time. Although "an unpublished opinion by a panel of *this* court" can be used to show a proposition of law was unsettled, *Grissom*, 902 F.3d at 1168 (emphasis added), *Jackson* is an out-of-circuit *unpublished* decision without controlling force in the Fourth Circuit. *Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535,

---

[7] While the distinction between physical and nonphysical sexual abuse is important for purposes of our clearly-established-law analysis, we recognize the Sixth Circuit recently held "sexual abuse of inmates can violate the Eighth Amendment even in the absence of physical touching by a corrections officer." *Rafferty*, 915 F.3d at 1095–96. Because Plaintiff alleges Defendant violated her Eighth Amendment right to be free from excessive force in the form of *physical* sexual abuse, we need not address whether *nonphysical* sexual abuse of inmates can ever violate the Eighth Amendment.

545 n.4 (4th Cir. 2019) ("Unpublished decisions, of course, do not constitute binding precedent in this Circuit."). Moreover, the Fourth Circuit has repeatedly held "unpublished opinions 'cannot be considered in deciding whether particular conduct violated clearly established law for purposes of adjudging entitlement to qualified immunity.'" *Feminist Majority Found. v. Hurley*, 911 F.3d 674, 706 n.18 (4th Cir. 2018) (quoting *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 542 (4th Cir. 2017) (declining to consider unpublished Fourth Circuit opinions showing the constitutional right at issue was not clearly established)).

We are not inclined to accord any weight to *Jackson*, which is sparely reasoned and involves allegations of "sexual harassment" less severe than the sexual abuse alleged here. *See Jackson*, 666 F. App'x at 244 (summarily concluding prison staff psychologist did not violate the Eighth Amendment and was entitled to qualified immunity "[g]iven the lack of circuit authority regarding whether sexual harassment by prison officials amounts to a constitutional violation"). But even assuming *Jackson* "is entitled to any consideration at all in the clearly-established-law analysis," *see Cummings*, 913 F.3d at 1244, the decision does not tip the scales against the numerous published circuit court opinions showing Defendant's alleged sexual misconduct violated clearly established law. Thus, *Jackson* does not help Defendant either.

Defendant also cites four district court decisions from the District of Colorado in arguing Plaintiff's Eighth Amendment right to be free from sexual abuse was not clearly established at the relevant time. As we have previously remarked, "a district court's holding is not controlling in any jurisdiction." *Apodaca*, 864 F.3d at 1079; *see*

31

*also al-Kidd*, 563 U.S. at 741–42 (explaining a district court decision holding the defendant's actions were unconstitutional did not clearly establish the underlying right on the same ground). Accordingly, "[m]any Courts of Appeals [ ] decline to consider district court precedent when determining if constitutional rights are clearly established for purposes of qualified immunity." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011). "Otherwise said, district court decisions—unlike those from the courts of appeals—do not necessarily settle constitutional standards or prevent repeated claims of qualified immunity." *Id.*

For these reasons, we decline to consider district court opinions in evaluating the legal landscape for purposes of qualified immunity. But even if we were to characterize the district court decisions Defendant proffers as "persuasive authority" for purposes of our clearly-established-law analysis, they are "no match for the Circuit precedents." *Hope*, 536 U.S. at 747. When weighed against the published circuit precedents, there is still a robust consensus of persuasive authority demonstrating inmates possess an Eighth Amendment right to be free from sexual abuse of the nature alleged here.

In sum, persuasive out-of-circuit authority addressing the constitutional right in question was not divided or otherwise unclear following the Second Circuit's decision in *Crawford I*. Defendant violated clearly established Eighth Amendment law by: (1) approaching Plaintiff from behind and forcibly pressing his genitals into her buttocks while lasciviously moaning "mmmmmm" in her ear; (2) purposefully and knowingly using physical force against Plaintiff by touching her breasts; and (3) forcibly grabbing

32

and fondling Plaintiff's crotch without her consent. Moreover, based on the consensus of persuasive authority addressing the right in question, any one of these three uses of force on its own—regardless of whether Plaintiff's allegations are viewed in isolation or as a pattern of pervasive sexual abuse—violated clearly established law. Defendant does not point to a single decision from this circuit or a published opinion from one of our sister circuits—and we have found none—shedding doubt on our conclusion today. Rather, the unanimity among our sister circuits since *Crawford I* demonstrates the constitutional question here is "beyond debate." *See Cummings*, 913 F.3d at 1239.

4.

As for any sexual misconduct which occurred before August 11, 2015, we cannot agree with Plaintiff that Defendant's alleged actions so obviously violated the Eighth Amendment there is no need for case law clearly establishing the point. Before the Second Circuit's decision in *Crawford I*, it was not beyond debate Defendant's alleged conduct satisfied the Eighth Amendment's objective component. *See Boddie*, 105 F.3d at 859–61. Contrary to Plaintiff's argument, the allegations in *Boddie* are quite similar to the allegations here. A reasonable officer could therefore have believed based on *Boddie*, which was widely followed until recent years, that the sexual abuse at issue—even if it might subject Defendant to criminal or tort liability—did not violate the Eighth Amendment. *See Cummings*, 913 F.3d at 1243 (explaining "the district court's reasoning is flawed because it equates a violation of a clear obligation under *state* law with a violation of clearly-established *federal* law"); *Dahn v. Amedei*, 867 F.3d 1178, 1189 (10th Cir. 2017) (reversing denial of qualified immunity upon finding

33

no violation of clearly-established federal law although the defendants' conduct could "very well expose them to tort liability" under state law).

We recognize our parsing of the relevant case law and time period may appear unduly formalistic considering the despicable nature of Defendant's alleged misconduct. But this is the task required of us under the qualified-immunity precedents we are obligated to follow. And while Plaintiff asks us to reject the current qualified-immunity framework as unconstitutional, her competent counsel is well-aware it is not this appellate court's place to issue such edicts. We, of course, decline to do so here.

Nevertheless, after August 11, 2015, any reasonable corrections officer would have known Defendant's alleged conduct violated the Eighth Amendment based upon the consensus of persuasive circuit authority addressing the right in question.[8] As we explained above, any constitutional violations Defendant committed before April 10, 2016, fall outside the applicable statute of limitations. Because all actionable constitutional violations in this case—that is, those occurring within the two-year limitation period—would necessarily have occurred after August 11, 2015, the law was clearly established for all relevant purposes here. Accordingly, Defendant is not entitled to qualified immunity.

AFFIRMED.

---

[8] Although this is not the ground upon which the district court denied Defendant qualified immunity, we can affirm on any ground supported by the record if the parties had a fair opportunity to address the ground—which we conclude they did here. *See Thomas v. City of Blanchard*, 548 F.3d 1317, 1327 n.2 (10th Cir. 2008).