FILED
**United States Court of Appeals
Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 18, 2022**

**Christopher M. Wolpert
Clerk of Court**

_____

WILLIAM MONTGOMERY,

    Plaintiff - Appellant,

v.

DON CALVANO,

    Defendant - Appellee.

No. 21-1134
(D.C. No. 1:19-CV-00387-PAB-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **KELLY**, and **CARSON**, Circuit Judges.
_____

William Montgomery, proceeding pro se,[1] appeals the district court's dismissal

of his 42 U.S.C. § 1983 suit against Don Calvano.  Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Montgomery proceeds pro se, we construe his filings liberally but do not serve as his advocate.  *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

## I.  Background

Montgomery walked past Commerce City police officer Calvano and out of a Walmart with an unbagged package of cheese.  Calvano then approached him and asked to see a receipt.  Montgomery did not produce a receipt and did not "confirm nor deny that he paid for the merchandise."  R. at 151.  Calvano detained Montgomery while Walmart employees investigated whether Montgomery paid for the cheese.

About 15 minutes later, a Walmart employee told Calvano that Montgomery had not paid for the cheese.  So Calvano arrested Montgomery for shoplifting, issued him a summons for petty theft in the amount of $2.37, and let him go.  Montgomery then produced a receipt showing he had, in fact, paid for the cheese.  A Walmart employee verified the receipt, and Calvano rescinded the summons.

Montgomery then sued, alleging Calvano violated his Fourth Amendment rights.  He claimed Calvano lacked reasonable, articulable suspicion to detain him and lacked probable cause to arrest him.

The district court applied the doctrine of qualified immunity and dismissed the claims.  On the unlawful arrest claim, which is the only claim at issue in this appeal, the district court found that at the time of Montgomery's arrest, it was not clearly established that an arrest under similar circumstances violated a suspect's Fourth Amendment rights.

## II. Discussion

We review de novo the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) due to qualified immunity. *See Moya v. Schollenbarger*, 465 F.3d 444, 454–55 (10th Cir. 2006). In doing so, "we accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party." *Id.* at 455 (brackets and internal quotation marks omitted).

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). "When a defendant raises the qualified-immunity defense, the plaintiff must . . . establish (1) the defendant violated a federal statutory or constitutional right and (2) the right was clearly established at the time of the defendant's conduct." *Ullery v. Bradley*, 949 F.3d 1282, 1289 (10th Cir. 2020). Courts have discretion to decide which of the two prongs of the qualified-immunity analysis to address first. *Pearson*, 555 U.S. at 236. The district court decided the qualified-immunity question on the second prong, and so do we.

"A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (internal quotation marks omitted). "We do not require a case directly on point, but existing precedent must have placed the

3

statutory or constitutional question beyond debate." *Id.* at 12 (internal quotation marks omitted). "The dispositive question is whether the violative nature of *particular* conduct is clearly established." *Id.* (internal quotation marks omitted). "In the Fourth Amendment context, 'the result depends very much on the facts of each case,' and the precedents must 'squarely govern' the present case." *Aldaba v. Pickens*, 844 F.3d 870, 877 (10th Cir. 2016) (quoting *Mullenix*, 577 U.S. at 13). "[Q]ualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Mullenix*, 577 U.S. at 12 (internal quotation marks omitted).

"Under the Fourth Amendment, a warrantless arrest requires probable cause." *Donahue v. Wihongi*, 948 F.3d 1177, 1189 (10th Cir. 2020). "Police officers have probable cause to arrest if 'the facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense.'" *Id.* (quoting *Adams v. Williams*, 407 U.S. 143, 148 (1972)). "[C]ourts assess probable cause 'from the standpoint of an objectively reasonable police officer' under the totality of the circumstances." *Id.* (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)). "[T]he probable cause standard of the Fourth Amendment requires officers to reasonably interview witnesses readily available at the scene, investigate basic evidence, or otherwise inquire if a crime has been committed at all before invoking the power of warrantless arrest and detention." *Romero v. Fay*, 45 F.3d 1472, 1476–77 (10th Cir. 1995). Probable cause therefore

4

"may arise from information provided by individuals." *Donahue*, 948 F.3d at 1189.

Montgomery argues the law was clearly established that an arrest based on facts such as those known to Calvano at the time he arrested Montgomery, without further investigation, violates a suspect's Fourth Amendment rights. To support this proposition, he cites *Baptiste v. J.C. Penney Co.*, 147 F.3d 1252 (10th Cir. 1998); *Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423 (10th Cir. 1984), *vacated sub nom. City of Lawton v. Lusby*, 474 U.S. 805 (1985), *aff'd on reconsideration*, 796 F.2d 1307 (10th Cir. 1986); and *Harbin v. City of Albuquerque*, No. CIV 05-550 LCS/RLP, 2006 WL 8444308 (D.N.M. Apr. 11, 2006). But the facts of these cases materially differ from this case.

In each of these cases, the arresting officer arrived on the scene after the alleged crime occurred and relied solely on accusations made by a party whose reliability had been called into doubt or would have been called into doubt if the officer had done any investigation, such as by interviewing the suspect. *See Baptiste*, 147 F.3d at 1257 (concluding that the officers lacked reasonable grounds "to believe the shoplifting allegations made by store security guards in light of the conduct recorded on [a] videotape; [the suspect's] explanation; her production of receipts[;] . . . and the search of her bag, purse, and pockets, which revealed no stolen merchandise"); *Lusby*, 749 F.2d at 1430 (noting the arresting officers arrived on the scene, "picked up the [suspects], handcuffed and frisked them and took them to jail without interviewing witnesses or conducting any inquiry to determine whether probable cause existed to arrest them"); *Harbin*, 2006 WL 8444308, at *1 (noting the

responding officer "approached [the suspect] from behind and immediately placed her into handcuffs without first speaking to [the suspect] or any store personnel"). Here, in contrast, Calvano personally witnessed Montgomery walk out of the store with unbagged merchandise and no visible receipt. Calvano then investigated the matter by asking both Montgomery and store employees if Montgomery had paid for the cheese. The store employees said he had not, and Montgomery refused to rebut this allegation. Montgomery's cited cases therefore do not "squarely govern the present case," *Aldaba*, 844 F.3d at 877 (internal quotation marks omitted).

Montgomery does not cite any case holding that an officer lacked probable to arrest an alleged shoplifter on facts like those in this case—*i.e.*, where the officer personally witnessed some facts supportive of probable cause that the suspect had shoplifted; the officer asked the suspect about it, and the suspect did not deny shoplifting the items in question; and store employees told the officer the suspect had, in fact, stolen the items. We therefore affirm the district court's conclusion that Calvano's arrest of Montgomery did not violate clearly established law. *See Thomas v. Durastanti*, 607 F.3d 655, 669 (10th Cir. 2010) ("The plaintiff bears the burden of citing to us what he thinks constitutes clearly established law.").

### III. Conclusion

We affirm the district court's entry of final judgment in favor of Calvano.

Entered for the Court

Joel M. Carson III
Circuit Judge

6